According, the order of the trial court is hereby affirmed.

**William JOHNSON, Petitioner,**

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 16, 1996.
Decided April 18, 1996.

William Johnson, Pro Se, Petitioner.

Arthur R. Thomas, Assistant Chief Counsel, for Respondent.

Before McGINLEY and SMITH, JJ., and SILVESTRI, Senior Judge.

McGINLEY, Judge.

Before this Court in our original jurisdiction are the preliminary objections of the Pennsylvania Board of Probation and Parole (Board), in the nature of a demurrer to the petition for review filed by William Johnson (Johnson), *pro se.*[1]

■ After a hearing on the matter, the Board, on August 16, 1995, mailed a revocation decision which recommitted Johnson as a technical parole violator (TPV) to serve six

months of backtime and scheduled him for immediate reparole review. Johnson's petition for review contends that the Board breached its duty to state an "ending date of the recommitment period" in the revocation decision. Accordingly, Johnson requests that this Court set aside the Board's revocation decision or grant such relief as may be just under the circumstances.[2]

Johnson relies upon *Gant v. Pennsylvania Board of Probation and Parole,* 32 Pa. Cmwlth. 627, 380 A.2d 510 (1977), Section 21a(a) of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 331.21a(a) (commonly referred to as the Parole Act) and 37 Pa. Code § 73.1 as authority for his assertion that the Board has a duty to expressly state a reparole eligibility date. Our research reveals that none of these authorities support Johnson's argument. As the Board notes, former 37 Pa.Code § 73.4(9) required the Board to state a reparole eligibility date. However, former 37 Pa.Code § 73.4(9) was rescinded on January 16, 1988 at 18 Pa.B. 250 (1988) and was not replaced by a similar provision.

In support of its argument the Board cites *Krantz v. Pennsylvania Board of Probation and Parole,* 86 Pa.Cmwlth. 38, 483 A.2d 1044 (1984). In *Krantz* this Court held that by determining a recommittal period the Board establishes a new parole eligibility date for the parolee. "Upon completion of the Board-imposed backtime, the parolee has a right to again apply for parole and have the Board consider that application." *Id.* 483 A.2d at 1048.

■ A recommitted parole violator has no right to reparole at the expiration of a reparole eligibility date, but the violator does have a right to apply for reparole at such expiration. Implicit in this is the parole violator's right to know when such expiration shall occur. Here, the actual terms of the revocation decision stated that Johnson was immediately eligible for parole and served

1. By order dated September 19, 1995, this Court determined that Johnson's petition for review should be treated as being addressed to our original jurisdiction.

2. As of the date of this decision Johnson has served his six months backtime and it would seem that his claim is now moot. However, although it is not clear from the record, it is possible that Johnson is currently incarcerated on a new sentence and seeks to have his sentence of backtime rescinded so that the six months he served can be credited to his new sentence.

notice that Johnson's new parole eligibility date was, at the latest, the date of the revocation decision.

Accordingly, we grant the Board's preliminary objections and dismiss Johnson's petition for review.

*ORDER*

AND NOW, to wit, this 18th day of April, 1996, the preliminary objections of the Pennsylvania Board of Probation and Parole are granted and the petition for review of William Johnson is dismissed.