John W. BOWMAN, Petitioner,

v.

PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 3, 1997.
Decided Feb. 26, 1998.

John W. Bowman, petitioner, pro se.

Robert A. Greevy, Asst. Counsel, Harrisburg, for respondent.

Before DOYLE and McGINLEY, JJ., and LORD, Senior Judge.

DOYLE, Judge.

John Bowman appeals from a decision of the Pennsylvania Board of Probation and Parole (Board) which denied him administrative relief from the Board's July 24, 1996 decision recommitting Bowman as both a technical and convicted parole violator and recalculating his maximum term expiration date accordingly.

The facts underlying this appeal are as follows. Although Bowman has a long history of incarceration, the pertinent events began in 1981 when Bowman, who was on parole at the time, received a new conviction. After serving Board-imposed backtime of 12 months, Bowman was constructively paroled to begin serving the new sentence. In December of 1984, the Board issued a decision which granted Bowman parole and released him from the state correctional institution. However, in 1986, Bowman was convicted of

unlawful delivery of a controlled substance. As a result of this conviction, the Board recommitted Bowman as a convicted parole violator and recalculated his maximum term expiration date, extending it to include the time spent on constructive parole.

In 1988, Bowman was again constructively paroled to begin serving a new sentence, after which he was released from the correctional institution. Again, Bowman was convicted of a new crime, recommitted as a convicted parole violator, and the Board recomputed his maximum term without credit for time spent on constructive parole. Bowman was again paroled from the correctional institution in 1995.

In 1996, Bowman was yet again convicted of a crime while on parole. Subsequently, on July 24, 1996, the Board recommitted Bowman as both a technical and convicted parole violator and recalculated his maximum term of expiration. Bowman initially sent materials to the Dauphin County Public Defender's Office to secure that office's representation and for the purpose of filing an administrative appeal from the Board's July 24, 1996 order. Although the Public Defender initially entered his appearance, he subsequently withdrew his appearance in a letter dated August 16, 1996, in which he concluded that Bowman's potential appeal of the Board's decision had no merit. The Public Defender forwarded a copy of this letter to the Board. Bowman nonetheless filed a pro se administrative appeal, which the Board denied on January 29, 1997. This appeal followed.·

■ On appeal,[1] Bowman preserved several issues for review. First, Bowman argues that the Board miscalculated the maximum expiration date of his sentence. Specifically, Bowman asserts that he is entitled to credit for the time during which he was construc-

tively paroled from one sentence while serving another. Second, Bowman asserts that the Board abused its discretion by failing to set a reparole date in his case. Finally, Bowman asserts that he has been denied the effective assistance of counsel, because his prior counsel withdrew without seeking the permission of this Court to do so.

Section 21.1 of the "Parole Act," [2] 61 P.S. § 331.21a, provides, in relevant part, as follows:

> If [a convicted parole violator's] recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and **he shall be given no credit for the time at liberty on parole.**

61 P.S. § 331.21a (emphasis added). The Courts of this Commonwealth have interpreted this section to provide that an individual who is constructively paroled, that is, paroled from one sentence after serving his minimum term to begin another without actually leaving the correctional system, is "at liberty on parole" without serving the maximum term of his first sentence. *See Merritt v. Pennsylvania Board of Probation and Parole*, 524 Pa. 577, 574 A.2d 597 (1990). In essence, the individual simultaneously serves the end of one term while beginning to serve a new term of imprisonment. *Id.* Accordingly, we have consistently held that an individual is not entitled to credit against his original sentence for the time spent on constructive parole when parole has been revoked for criminal convictions. *Rosenberger v. Pennsylvania Board of Probation and Parole*, 98 Pa.Cmwlth. 19, 510 A.2d 866 (1986).[3]

■ Bowman first argues that the Board erred in its computation of his maximum term expiration date by denying him credit

---

1. Our standard of review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Kyte v. Pennsylvania Board of Probation and Parole*, 680 A.2d 14 (Pa. Cmwlth.1996).

2. Act of August 6, 1941, P.L. 861, *as amended.* Section 21.1 was added by Section 5 of the Act of August 24, 1951, P.L. 1401.

3. We also note that the entire concept of "constructive parole" was effectively eliminated in this Commonwealth pursuant to the decision of our Supreme Court in *Commonwealth v. Tilghman*, 543 Pa. 578, 673 A.2d 898 (1996), and the decision of the Superior Court in *Commonwealth v. Harris*, 423 Pa. Superior Ct. 190, 620 A.2d 1175, *petition for allowance of appeal denied sub nom. Commonwealth v. Storer*, 535 Pa. 668, 634 A.2d 1115 (1993).

for the time that he was on constructive parole. Specifically, Bowman argues that he was not "at liberty on parole," as that term is used in 61 P.S. § 331.21a. Therefore, Bowman argues, he did not forfeit the constructive parole time when his parole was repeatedly revoked by the Board for his various offenses. We disagree. As stated above, although an individual on constructive parole remains institutionalized, he is nonetheless "at liberty" from the original sentence from the time he begins to serve the new sentence. Accordingly, any constructive parole time is forfeited if the individual's parole is revoked for technical or criminal violations. *Merritt.* Therefore, the Board correctly calculated Bowman's maximum term without reducing it for the time Bowman spent on constructive parole.

■ Next, Bowman asserts that the Board "abused its discretion in its Order of July 8, 1996, by failing to set a definite [reparole date], at the expiration of the nine month sentence ordered ... as back-time." (Bowman's Brief at 14.) However, because Bowman does not expand upon this argument much further in his brief, it is not clear what, exactly, he is arguing before this Court on appeal. To the extent that this argument may be construed as a claim that he is entitled to a specific date of parole upon which he will be released, Bowman is clearly incorrect. Although a prisoner has a right to apply for parole upon the expiration of his minimum term, under Pennsylvania law a prisoner has no absolute right to be released from prison upon the expiration of that minimum term. As we stated in *Johnson v. Pennsylvania Board of Probation & Parole,* 676 A.2d 1242 (Pa.Cmwlth.1996), "A recommitted parole violator has no right to reparole at the expiration of a reparole eligibility date, but the violator does have a right to **apply for reparole** at such expiration." *Id.* 676 A.2d at 1243 (emphasis added). We have also held on a number of occasions that parole is not a right but rather a matter of grace lying solely within the discretion of the Board. *E.g., Eldridge v. Pennsylvania Board of Probation & Parole,* 688 A.2d 273 (Pa.Cmwlth.1997).

■ Second, to the extent Bowman suggests that the Board erred by failing to set a specific date for a reparole **hearing,** Bowman is also incorrect. In *Bostic,* noting the discretionary nature of the parole process, this Court concluded that, although an individual does have a right to a reparole hearing, he does **not** have a right to a date certain for release. Specifically, we stated as follows:

A prisoner in Pennsylvania does not have an automatic right to parole upon the expiration of his minimum term, rather the granting of parole is a matter of grace and administrative discretion.... A prisoner does have a right to apply for parole upon the expiration of his minimum term and have that application be fairly considered by the Board.... Bostic has been granted his right to a reparole hearing. While it is true that the hearing is not on a date certain, it will be held within a reasonably narrow and specific time frame....

This Court has found no statute or case law that enumerates a right to a date certain for a prisoner's reparole hearing....

*Bostic v. Pennsylvania Board of Probation and Parole,* 682 A.2d 401, 403(Pa.Cmwlth.1996) (citations omitted).

Thus, it is clear that Bowman does not have a right to a date certain for either reparole or a reparole hearing; rather, he is entitled only to a reparole hearing within a reasonable time frame after he applies and not on a date certain. *Id.* Furthermore, in the Board's July 24, 1996 decision, which recommitted him as both a technical and convicted parole violator, the Board specifically indicates that Bowman was to serve nine months of backtime and that he was to be reviewed in September 1996. We note that Bowman does not allege that this review of his case did not occur. Therefore, we must reject Bowman's argument that the Board abused its discretion in failing to set a reparole date.

■ Finally, if Bowman intended us to construe his argument regarding the Board's failure to specify a "definite reparole date" to mean that he is actually entitled to a reparole **eligibility** date calculated and specified by the Board, he is also incorrect. As we stated

in *Krantz v. Pennsylvania Board of Probation & Parole*, 86 Pa.Cmwlth. 38, 483 A.2d 1044 (1984), "when the Board imposes backtime, it is establishing a new parole eligibility date for the parolee, in effect, a recomputed minimum term. Upon completion of the Board-imposed backtime, the parolee has a right to again apply for parole and have the Board consider that application." *Id.* 483 A.2d at 1048. As noted above, the Board's July 8, 1996 recommitment order informed Bowman of his nine-month backtime and of a general time frame within which he would be considered for reparole. The Board is not required by either case law or statute to calculate an actual reparole eligibility date for Bowman; Bowman is free to calculate the date on which he is eligible for reparole himself and may apply for it at that point, as he has done in this case.

Last, Bowman alleges that he was denied the effective assistance of counsel because his original counsel, Christopher Wilson, an attorney from the Dauphin County Public Defender's Office, withdrew from the case. This "withdrawal" occurred when Wilson sent a letter to Bowman communicating his belief that the grounds for Bowman's administrative appeal were without merit. Wilson also forwarded a copy of this letter to the Board. Bowman argues that he was denied the effective assistance of counsel because his counsel did not seek this Court's permission prior to his withdrawal. In support of this assertion, Bowman cites the decisions in *Shadle v. Pennsylvania Board of Probation and Parole*, 525 Pa. 233, 579 A.2d 877 (1990); *Thornton v. Pennsylvania Board of Probation and Parole*, 525 Pa. 180, 578 A.2d 1289 (1990); *McDaniel v. Pennsylvania Board of Probation and Parole*, 137 Pa. Cmwlth. 598, 587 A.2d 42 (1991). However, these cases are distinguishable because they involved instances where this Court appointed attorneys to assist individuals in prosecuting their appeals to this Court, not to the Board. Therefore, these cases are inapplicable to the case presently before us.

Moreover, we note that this Court's appellate jurisdiction over a decision of the Board of Probation and Parole does not attach until after the Board has entered a final appealable order, usually denying administrative relief, and an appeal has been taken therefrom. Additionally, this Court does not have jurisdiction over the parties at the administrative appeal level and consequently cannot order the appointment of counsel at that point. It logically follows, then, that if this Court is without jurisdiction to appoint counsel at that point, it is equally without jurisdiction to require counsel to seek our permission prior to withdrawing during such a proceeding. Bowman's counsel withdrew prior to the point at which an appealable order had been entered by the Board and before any appeal had been filed with this Court, and thus, because the case had not yet come within our jurisdiction, he was certainly not required to obtain our permission to withdraw at that stage.[4]

Furthermore, we note that, in order to succeed on a claim for ineffective assistance of counsel, the burden rests on Bowman to demonstrate that he has been prejudiced by his former counsel's actions. *See Commonwealth v. Shore*, 487 Pa. 534, 410 A.2d 740 (1980). This burden includes a showing of a reasonable probability that the result in the particular case would have been different but for counsel's actions. *LaCourt v. Pennsylvania Board of Probation & Parole*, 87 Pa.Cmwlth. 384, 488 A.2d 70 (1985) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Because the arguments which Bowman desired to raise at the administrative review level are without merit, we must conclude that he suffered no prejudice by the withdrawal of counsel and transmission of the letter by his former counsel. Consequently, we must reject Bowman's ineffective assistance of counsel argument as well.

Order affirmed.

4. Furthermore, Bowman points to no authority indicating that the Board can place a similar requirement on counsel representing a client before it. We note, however, that Bowman's former counsel, Public Defender Christopher Wilson, did send Bowman a letter in which Wilson explained why he believed Bowman's case to be without merit, and we also note that Wilson also sent a copy of this letter to the Board.

### ORDER

NOW, February 26, 1998, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.