IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alexander Stirling, : 
               Petitioner : 
              : 
          v. : No. 1863 C.D. 2015
          : Submitted:  February 19, 2016
Pennsylvania Board of Probation : 
and Parole, : 
              Respondent : 


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI         FILED: March 9, 2016


Alexander Stirling (Parolee) petitions for review of the decision of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from the Board's order recalculating his maximum sentence following his recommitment as a convicted parole violator.  For the reasons that follow, we affirm.


**I.**

On July 2, 2007, Parolee was found guilty of robbery and sentenced to 2 to 4 years of imprisonment.  He was also resentenced to 1 to 2 years of imprisonment for violating his probation by selling firearms and 1 to 2 years of

imprisonment for violating probation by manufacturing, selling, delivering or possessing with intent to deliver a controlled substance. The aggregate sentence was 4 to 8 years, with a minimum release date of July 2, 2011, and a maximum release date of July 2, 2015. Parolee was released on parole on July 7, 2011.

On August 25, 2011, Parolee was arrested for using/possessing drug paraphernalia and for manufacturing, selling, delivering or possessing with intent to deliver a controlled substance. Failing to make bail, he remained in jail until March 2012 when he was sentenced to 1 to 2 years of imprisonment followed by 1 year of probation with credit for time served. Initially, the Board recommitted Parolee as a technical parole violator and sentenced him to serve 9 months of backtime when available, but later it recommitted him as a convicted parole violator for use/possession of drug paraphernalia and intentional possession of a controlled substance, sentencing him to serve 12 months concurrently for a total of 12 months of backtime. The maximum date on his original sentence was recalculated to January 27, 2016.

On February 3, 2013, Parolee was constructively paroled from his original sentence to serve his March 2012 sentence of 1 to 2 years for intentional possession of a controlled substance.[1] The Board calculated the minimum date with respect to this sentence as July 24, 2013, and the maximum date as July 24, 2014. On October 3, 2013, Parolee was paroled from this sentence to a

---

[1] Parolee remained at the same State Correctional Institution (SCI) but was given a new inmate number.

Community Corrections Facility and was released from that facility on December 6, 2013.

On February 19, 2014, Parolee was re-arrested by the Lower Moreland Township Police at CP# 1976-2014 for various drug-related charges, and at CP# 2006-2014 for traffic-related charges. The following day, Parolee failed to make bail for the charges at CP# 1976-2014 but was granted unsecured bail for the charges at CP# 2006-2014. That day, the Board also lodged a detainer against Parolee. On July 11, 2014, Parolee was granted unsecured bail for the charges at CP# 1976-2014 and was returned to state detention on the Board's detainer.

On November 21, 2014, Parolee pled guilty in the Montgomery County Court of Common Pleas to intentional possession of a controlled substance at CP# 1976-2014 and disorderly conduct and careless driving at CP# 2006-2014. He was sentenced to time served to 23 months for the conviction at CP# 1976-2014 and 1 year of probation for the convictions at CP# 2006-2014, effective November 21, 2014. He was awarded credit from February 19, 2014, to July 11, 2014, on the CP# 1976-2014 sentence and was granted immediate parole on the November 21, 2014 sentencing date.

**II.**

The Board issued Parolee a Notice of Charges and Hearing for a revocation hearing stemming from his new criminal convictions, and Parolee signed a Waiver of Panel Hearing. After the revocation hearing, the Board voted to revoke Parolee's parole, thereby denying him credit for time spent at liberty on

parole and recommitting Parolee as a convicted parole violator. The Board sentenced him to serve 6 months of backtime, recalculating his maximum release date to July 3, 2017.

In arriving at that date, the Board did not credit Parolee for the time spent at liberty on parole for the 1,088 days remaining on his state sentence or for the period he was incarcerated from February 20, 2014, to July 10, 2014. The Board did, however, credit him 133 days for the time he was incarcerated from July 11, 2014, to November 21, 2014.

Parolee filed a Petition for Administrative Review, objecting to the recommitment term and challenging the credit awarded, the calculation of his reparole eligibility, and the order of service, alleging that the Board failed to credit him for his time served solely on the Board's detainer.

The Board denied Parolee's Petition for Administrative Review, reasoning that he is not entitled to backtime credit. The Board stated that when Parolee was released on parole from his original sentence on February 3, 2013, 1,088 days remained until the maximum sentence date of January 27, 2016. However, the Board explained that as a convicted parole violator, he automatically forfeited credit for the time he spent on parole, including constructive parole. Furthermore, the Board reasoned that he was "not entitled to a [backtime] served credit (i.e. time that he was held solely on the Board's warrant prior to his recommitment order) because he was never incarcerated solely on the Board's warrant." (Certified Record at 171) (emphasis in original).

4

**III.**

On appeal,[2] Parolee argues that the Board erred in denying him credit for the period of February 3, 2013, to February 19, 2014, the time he spent serving his 2012 sentence for possession while on constructive parole from his original sentences.

Section 6138(a)(2) of the Prisons and Parole Code provides:

(a) Convicted violators.—

\*\*\*

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and *shall be given no credit for the time at liberty on parole*.[3]

61 Pa. C.S. §6138(a)(2) (footnote added) (emphasis added).

---

[2] Our scope of review is limited to determining whether the Board's decision is supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

[3] Our Supreme Court has interpreted the words "at liberty on parole" to mean only liberty from the confinement on the particular sentence for which parole was granted, not liberty from all confinement. *Hines v. Pennsylvania Board of Probation and Parole*, 420 A.2d 381, 384 (Pa. Cmwlth. 1980); *see also Hernandez v. Pennsylvania Board of Probation and Parole*, 548 A.2d 380, 381 (Pa. Cmwlth. 1988).

A prisoner on constructive parole is paroled from his original sentence to immediately begin serving a new sentence. *See Merritt v. Pennsylvania Board of Probation and Parole*, 574 A.2d 597, 598 (Pa. Cmwlth. 1990); *Hines v. Pennsylvania Board of Probation and Parole*, 420 A.2d 381, 383 (Pa. Cmwlth. 1980). Constructive parole is considered "time at liberty" for purposes of determining the credit a parolee is due upon recommitment as a parole violator. *Bowman v. Pennsylvania Board of Probation and Parole*, 709 A.2d 945, 948 (Pa. Cmwlth. 1998); *Merritt*, 574 A.2d at 598. Under 61 Pa. C.S. §6138(a)(2), a parolee's time in constructive parole is forfeited upon the parolee's recommitment as a convicted parole violator. *Bowman*, 709 A.2d at 948.

Parolee was on constructive parole from his original sentence when he began serving his new sentence on February 3, 2013, until October 2, 2013, when he was paroled from his new sentence. While paroled from both sentences, Parolee committed and was convicted of both drug and traffic offenses. As a result, the Board recommitted him as a convicted parole violator, recalculating his maximum date for his first sentence without crediting him for the time he was in prison on constructive parole. Because Parolee was at liberty on parole during the time he was on constructive parole, he was not entitled to credit for that period against his first sentence. Accordingly, the Board did not err by declining to award Parolee credit for his time on constructive parole.

Parolee also contends that he should have received credit for the period of October 2, 2013, to February 19, 2014, when he was out of prison and at liberty on parole. Again, under 61 Pa. C.S. §6138(a)(2), convicted parole violators

6

are not entitled to credit for time spent at liberty on parole, and "when a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street-time…." *Richards v. Pennsylvania Board of Probation and Parole*, 20 A.3d 596, 599 (Pa. Cmwlth.) (*en banc*), *appeal denied*, 29 A.3d 374 (Pa. 2011).[4]

From October 2, 2013, to February 19, 2014, the date Parolee was arrested on new charges, Parolee was at liberty on parole. Based on 61 Pa. C.S. §6138(a)(2), the Board was under no obligation to credit Parolee for the time he was at liberty on parole, and acted well within its rights by recalculating his maximum to reflect that he received no credit for time at liberty on parole from October 2, 2013, to February 19, 2014.

---

[4] We note, though, that under Section 6138(a)(2.1) of the Prisons and Parole Code:

> The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H [42 Pa. C.S. §9791 *et seq.*] (relating to registration of sexual offenders).
>
> (ii) The parolee was recommitted under section 6143 [61 Pa. C.S. §6143] (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a)(2.1).

Accordingly, we affirm the Board's decision.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alexander Stirling,                          :
                          Petitioner         :
                                             :
            v.                               : No. 1863 C.D. 2015
                                             :
Pennsylvania Board of Probation              :
and Parole,                                  :
                          Respondent         :


# **O R D E R**


AND NOW, this 9th day of March, 2016, the order of the Pennsylvania Board of Probation and Parole bearing a mailing date of August 25, 2015, is affirmed.


_____

DAN PELLEGRINI, Senior Judge