IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Williams,                          :
                    Petitioner         :
                                             :
                v.                              : No. 1505 C.D. 2015
                                             : Submitted: March 11, 2016
Pennsylvania Board of Probation      :
and Parole,                                :
                    Respondent        :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI             FILED: March 30, 2016


Derrick Williams (Parolee) petitions *pro se* for review of the decision of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from the Board's order recalculating his maximum sentence following his recommitment as a convicted parole violator and denying him credit for the period at which he was at liberty on parole. We affirm.


**I.**

On June 1, 1989, Parolee was found guilty of two counts of aggravated assault, one count of criminal conspiracy to commit aggravated assault, and one count of possession of a controlled substance. His aggregated sentence ranged from 11

years and 10 months to 26 years of imprisonment, with a minimum release date of March 25, 2001, and a maximum release date of May 25, 2015.

While serving his state sentence, Parolee was indicted by federal authorities under the Racketeering and Influenced Corrupt Organization Act, 18 U.S.C. §§1961–1968. Count one of the federal indictment charged Parolee and 25 other individuals who were identified as members of a corrupt organization known as the "Junior Black Mafia" with using violence and the threat of violence, including aggravated assault, to maintain and expand control of the drug business in Philadelphia. Though he served federal time on this charge, the record does not contain his conviction or the terms of that sentence.

The Board constructively paroled Parolee from his original sentence on March 13, 2002, and released him to a federal detainer sentence. On March 7, 2005, Parolee was released from the federal sentence to active parole supervision with the Board. On April 5, 2007, Parolee was arrested by the Philadelphia Police Department for providing false identification during a traffic stop. The Board lodged its detainer against Parolee on April 6, 2007. The following day, on April 7, 2007, Parolee was returned to a state correctional facility. The new criminal charges were dismissed on August 9, 2007, and Parolee was released back on active parole supervision on August 16, 2007.

On August 2, 2011, Parolee was arrested on drug-related charges by the Philadelphia Police Department and was charged with and detained by federal authorities for violation of his federal probation. The federal criminal charges were

dismissed on January 12, 2012.  However, due to Parolee's violation of his federal probation, his probation was revoked and he was recommitted into federal custody to serve a period of 30 months of imprisonment.  On June 11, 2012, while he was still in federal custody, the Board lodged a detainer against Parolee for technically violating his state parole given his drug charges.  On October 6, 2013, Parolee was released from federal custody and was placed into the Coleman Violator Center by the Board.

## II.

By decision mailed on January 8, 2014, the Board recommitted Parolee as a technical parole violator and sentenced him to serve six months.  The Board recalculated his maximum release date as September 22, 2016, and his automatic reparole date as April 4, 2014.  The Board then recalculated his maximum release date as September 16, 2016, due to a change in sentence structure.[1]  In arriving at that date, the Board determined that Parolee owed 1,078 days, or 2 years, 11 months, and 14 days of backtime.  The Board also added 480 days to Parolee's original maximum release date of May 25, 2015, to account for the period he was confined in federal custody from June 11, 2012, to October 4, 2013.

In February 2014, Parolee filed a *pro se* petition for administrative review objecting to the recalculation of his maximum sentence date of September 16,

---

[1] In January 2014, Parolee filed a *pro se* petition for administrative review, objecting to a previously recalculated maximum release date of September 26, 2016.  The Board responded, explaining that before receiving his request, an error was discovered that changed his parole violation maximum date to September 22, 2016.  The Board added that a change in sentence structure then changed his parole violation maximum date to September 16, 2016, and it dismissed Parolee's petition as moot.

3

2016, contending that his sentence was extended despite the fact that he was not convicted of a crime. On April 4, 2014, the Board released Parolee on reparole from his original state sentence. He was again arrested on June 12, 2014, for threatening a police officer during a traffic stop. The charges were filed and bail was set, but Parolee did not post it. That same day, the Board lodged its detainer against Parolee.

By decision mailed on August 28, 2014, the Board affirmed its recalculation decision, explaining that when the Board lodged its detainer against Parolee on June 11, 2012, he was unavailable for 480 days due to service of his federal sentence, and that the Board has the authority to deny him credit for that time. The Board further stated that adding the 480 days to his original maximum sentence of May 25, 2015, yields a new maximum sentence date of September 16, 2016.

On October 17, 2014, Parolee was found guilty of terroristic threats with the intent to terrorize another and sentenced to probation for a maximum period of 18 months. In February 2015, the Board conducted a revocation hearing.

By decision mailed on April 22, 2015, the Board recommitted Parolee as a convicted parole violator, sentencing him to serve 12 months of backtime and recalculating his parole maximum date to October 14, 2026. In recalculating the maximum date, the Board credited him for 259 days of backtime, consisting of 127 days for the period he was incarcerated from April 6, 2007, to August 16, 2007, and 127 days for his incarceration from June 12, 2014, to October 17, 2014, to account for the time he was incarcerated solely on the Board's detainer. The Board did not credit him for time spent at liberty on parole from April 4, 2014, to June 12, 2014,

4

and determined that he forfeited credit for the previous 3,743 days he was on parole from his original sentence from March 11, 2002, to June 11, 2012.

Parolee filed seven *pro se* petitions for administrative review, objecting to the Board's recalculation of his parole violation maximum date of October 14, 2026. The Board subsequently denied Parolee's petitions, reasoning that he did not receive credit for the period he was at liberty on parole, including any prior time he was on parole, and any time he was on parole from his state sentence but confined on his federal charges.[2] Further, the Board explained that given Parolee's recommitment

---

[2] In its denial of Parolee's requests for administrative relief, the Board explained, in pertinent part:

> The Board paroled you from a state correctional institution on April 4, 2014 with a max[imum] sentence date of September 16, 2016. This means you had a total of 896 days remaining on your sentence at the time of parole. In light of your recommitment as a convicted parole violator, the Board was authorized to recalculate your sentence to reflect that you received no credit for the period you were at liberty on parole. 61 Pa. C.S. §6138(a)(2). This includes any prior time that you were on parole. *Houser v. Pennsylvania Board of Probation and Parole*, 682 A.2d 1365 (Pa. [Cmwlth.] 1996)[, *appeal denied*, 692 A.2d 568 (Pa. 1997)]. In this case, you were previously on parole for 3743 days from March 13, 2002 to June 11, 2012. Adding the 3743 days of prior parole liberty forfeited means you still had 4639 days remaining on your sentence based on your recommitment.

> On June 12, 2014, the Board lodged its detainer against you. On that same date, authorities arrested you for new criminal offenses…. The record reflects that you did not post bail, nor do you allege that you posted bail. On October 17, 2014, you were found guilty of the new criminal charges, and the court sentenced you to a term of probation that same date.

**(Footnote continued on next page…)**

as a convicted parole violator, it was authorized to recalculate his sentence without providing him credit for the time spent pursuant to Section 6138(a)(2) of the Prisons and Parole Code (Code), 61 Pa. C.S. §6138(a)(2). Accordingly, the Board affirmed its recalculation decision and this appeal followed.

---

**(continued…)**

> Based on these facts, the Board gave you 127 days of credit on your original sentence for the period you were incarcerated from June 12, 2014 to October 17, 2014 because you were confined on the Board detainer and there is no other sentence of imprisonment where this time can be applied. *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003). Additionally, the Board gave you 132 days of credit on your original sentence for a prior period you were incarcerated from April 6, 2007 to August 16, 2007, but not recommitted. Subtracting this credit from the time you had remaining left 4380 days remaining on your sentence. Also, because you only received a sentence of probation for the new conviction, you became available to commence service of your original sentence again on October 17, 2014, when the court sentenced you on your new charges. Adding 4380 days to that date yields a new maximum sentence date of October 14, 2026.
>
> Based on your subsequent conviction and recommitment as a convicted parole violator, the Board had authority to deny you credit for the period you were at liberty on parole. 61 Pa. C.S. §6138(a)(2). This includes the period you were on parole from your [state] sentence…but confined on your federal criminal charges. *Rosenberger v. Pennsylvania Board of Probation and Parole*, 510 A.2d 866 (Pa. [Cmwlth.] 1986).

(Certified Record at 182-183.)

6

## III.

## A.

On appeal,[3] Parolee argues that the Board erred in not awarding him credit on his original sentence for the time he spent at liberty on parole from March 13, 2002, to June 11, 2012.

Pursuant to Section 6138 of the Code:

(a) Convicted violators.—

\*\*\*

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), *shall be given no credit for the time at liberty on parole*.

(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

---

[3] Our scope of review is limited to determining whether the Board's decision is supported by substantial evidence, whether an error of law was committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

\*\*\*

(c) Technical violators.—

(1) A parolee under the jurisdiction of the board who violates the terms and conditions of his parole, other than by the commission of a new crime of which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere in a court of record, may be detained pending a hearing before the board or waiver of the hearing or recommitted after a hearing before the board or a waiver of the hearing….

\*\*\*

(2) If the parolee is recommitted under this subsection, *the parolee shall be given credit for the time served on parole in good standing* but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences.

61 Pa. C.S. §6138 (emphasis added).

Section 6138 of the Code clearly establishes that while technical parole violators are entitled to credit for time at liberty on parole in good standing, convicted parole violators are not. *Richards v. Pennsylvania Board of Probation and Parole*, 20 A.3d 596, 599 (Pa. Cmwlth.) (*en banc*), *appeal denied*, 29 A.3d 374 (Pa. 2011). Instead, "when a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street-time, regardless of good or delinquent standing." *Id.* Moreover, this Court has held that:

8

[T]ime spent in good standing prior to recommitment for technical violations is not shielded from forfeiture where the parolee subsequently commits a new crime and is recommitted as a convicted parole violator. Thus, *upon recommitment as a convicted parole violator, in addition to losing all time spent at liberty during the current parole, a parolee will also forfeit all credit received for time spent in good standing while on parole prior to his previous recommitment as a technical parole violator.*

*Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007) (citations omitted) (emphasis added).

Parolee was initially paroled from his original sentence on March 13, 2002. He was then detained by the Board for new criminal charges from April 6, 2007, to August 16, 2007, or 132 days. He remained on parole until June 11, 2012, when the Board lodged a detainer against Parolee for a technical parole violation. As such, Parolee was at liberty on parole for a total of 3,611 days between March 13, 2002, and June 11, 2012. Because the Board recommitted Parolee as a technical parole violator, he was entitled to receive credit for time served on parole pursuant to Section 6138(c)(2) of the Code, which the Board granted. However, because Parolee was in federal custody and was unable to serve under the Board's detainer from when it was lodged on June 11, 2012, to October 4, 2013, the Board added those 480 days to Parolee's original maximum release date of May 25, 2015, to arrive at his new date of September 16, 2016.

After the Parolee was recommitted as a convicted parole violator due to his new criminal offense while on parole, he forfeited all credit received for time at liberty on parole, including the period of time before his recommitment as a technical

9

parole violator. Given this, the Board properly recalculated Parolee's maximum release date to reflect the forfeiture of credit for the 3,611 days he was at liberty on parole from March 13, 2002, to April 5, 2007, and from August 16, 2007, to June 11, 2012, before his technical parole violation. As such, Parolee had 896 days remaining on his sentence from when he was reparoled by the Board on April 4, 2014, to his maximum sentence date of September 16, 2016. The addition of 896 to 3,611 results in 4,507 days left for Parolee to serve. The Board credited Parolee 127 days from his incarceration solely on the Board's detainer from June 12, 2014, to October 17, 2014. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). Subtracting 127 days from 4,507 days left Parolee with 4,380 days to serve on his sentence. Adding 4,380 to the October 17, 2014 availability date, the Board properly calculated the new maximum date of October 14, 2026.

**B.**

Parolee also contends that he was not at liberty on parole from March 13, 2002, to March 7, 2005, because he was in custody on his federal sentence and, thus, is entitled to credit for time served.

A prisoner on constructive parole is paroled from his original sentence to immediately begin serving a new sentence. *See Merritt v. Pennsylvania Board of Probation and Parole*, 574 A.2d 597, 598 (Pa. 1990); *Hines v. Pennsylvania Board of Probation and Parole*, 420 A.2d 381, 383 (Pa. 1980). Constructive parole is considered "time at liberty" for purposes of determining the credit a parolee is due upon recommitment as a parole violator. *Bowman v. Pennsylvania Board of Probation and Parole*, 709 A.2d 945, 948 (Pa. Cmwlth. 1998), *appeal denied*, 727

10

A.2d 1123; *see also Merritt*, 574 A.2d at 598. Under 61 Pa. C.S. §6138(a)(2), a parolee's time spent on constructive parole is forfeited upon the parolee's recommitment as a convicted parole violator. *Bowman*, 709 A.2d at 948.

Although Parolee remained incarcerated on his federal sentence from March 13, 2002, to March 7, 2005, he is not entitled to credit because he was on constructive parole from his original sentence, meaning he was at liberty on parole during that time. Moreover, even if Parolee was owed credit for the time he was on constructive parole, his later recommitment by the Board as a convicted parole violator led to the forfeiture of this credit.

Accordingly, we affirm the Board's decision.

_____
DAN PELLEGRINI, Senior Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Williams,      :
     Petitioner  :
          :
   v.       : No. 1505 C.D. 2015
          :
Pennsylvania Board of Probation :
and Parole,       :
     Respondent :

# **O R D E R**

AND NOW, this 30th day of March, 2016, the order of the Pennsylvania Board of Probation and Parole bearing a mailing date of July 17, 2015, is affirmed.

_____
DAN PELLEGRINI, Senior Judge