# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel E. Washington,        :
           Petitioner      :
                               :    No. 802 C.D. 2019
          v.                :
                               :    Submitted: May 22, 2020
Pennsylvania Board of       :
Probation and Parole,        :
           Respondent     :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE J. ANDREW CROMPTON, Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                    FILED: August 11, 2020

        Daniel E. Washington (Petitioner) petitions for review of the May 17, 2019 order of the Pennsylvania Board of Probation and Parole (Board),[1] through which the Board affirmed its May 15, 2018 decision to recommit Petitioner as a technical and convicted parole violator, without awarding him credit for the time he spent at liberty on parole. We affirm the Board's order.

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole has been renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

Petitioner originally pleaded guilty to one count of possession with intent to deliver a controlled substance,[2] and the Lackawanna County Court of Common Pleas sentenced him to one and one half to five years' incarceration, yielding a minimum release date of February 29, 2016, and a maximum release date of August 30, 2019. (Certified Record (C.R.) at 1.) On October 15, 2016, the Board released Petitioner on parole, and Petitioner began residing in Brooklyn, New York, pursuant to an approved home plan. (C.R. at 7-8.) Approximately nine months thereafter, due to his failure to comply with parole reporting requirements and to notify his parole officer of a change of address, the Board declared Petitioner delinquent on parole effective July 10, 2017. (C.R. at 29, 34.) The Board learned of Petitioner's whereabouts on December 13, 2017, when he was arrested in Staten Island, New York, and charged under New York law with Driving While Intoxicated ("DWI") and Refusal to Take a Breath Test. The next day, December 14, 2017, the Board lodged a parole detainer against Petitioner. (C.R. at 33.) Petitioner ultimately pleaded guilty to DWI in a New York state court and served a short term of imprisonment there, completing his sentence on January 14, 2018. The New York authorities then extradited Petitioner to Pennsylvania on January 24, 2018. (C.R. at 57.)

Facing parole revocation proceedings, Petitioner executed two documents through which he waived his right to a preliminary hearing, a parole revocation hearing, and the assistance of counsel. Petitioner further admitted that he violated the technical conditions of his parole by failing to report as instructed and by changing his residence without permission, and conceded that he was convicted of new criminal charges in New York. (C.R. at 37-38.) Accordingly, by a decision mailed on May 15, 2018, the

---

[2] *See* Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a)(30).

Board recommitted Petitioner as both a technical and convicted parole violator, and imposed six months' backtime[3] for each violation, to be served concurrently. (C.R. at 44, 55.) This rendered Petitioner eligible to apply for reparole on July 14, 2018. (C.R. at 56.) The Board elected not to grant Petitioner credit for the time that he spent at liberty on parole, citing his "poor supervision history" as its reason for that decision. (C.R. at 43, 56.) The Board then recalculated Petitioner's maximum sentence, adding to the date of his recommitment the 1,049 days that were remaining on his sentence as of the date of his release on parole, arriving at a new maximum release date of November 28, 2020.

On June 15, 2018, Petitioner filed a petition for administrative review with the Board, challenging the Board's recalculation of his maximum sentence and its decision to deny him time credit. The Board denied this petition on May 17, 2019. Petitioner sought review of the Board's decision in this Court, facially raising six issues.[4] However, Petitioner's claims essentially amount to three assertions of error: (1) that the Board improperly denied Petitioner credit for the time that he spent at liberty on parole, and failed to articulate its reasons for such denial; (2) that the Board

---

[3] "Backtime" is "the remaining part of a preexisting judicially imposed sentence that a parole violator is directed to serve before again being eligible to apply for reparole on that particular sentence." *Snyder v. Pennsylvania Board of Probation and Parole*, 701 A.2d 635, 636 n.1 (Pa. Cmwlth. 1997).

[4] Petitioner initially was represented by the Mercer County Office of the Public Defender. However, on September 9, 2019, Petitioner sent a letter to this Court requesting that his counsel be permitted to withdraw so that Petitioner could retain private counsel. Appointed counsel filed an application to withdraw on September 12, 2019, which we granted on September 13, 2019. Petitioner then retained counsel, who filed the brief presently before the Court on January 2, 2020.

miscalculated Petitioner's maximum release date; and (3) that the Board's subsequent decision to deny him reparole was arbitrary and capricious.[5]

Petitioner first asserts that the crime of which he was convicted in New York was not a "crime of violence" as defined in 42 Pa.C.S. §9714(g), such that an award of time credit would be precluded by statute.[6] (Petitioner's Br. at 15-16.) After denying him time credit, Petitioner asserts, the Board failed to provide Petitioner with the reason for its denial, as required by our Supreme Court's decision in *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017). Petitioner claims that the Board relied solely upon his new conviction, and that this was insufficient for purposes of *Pittman*. (Petitioner's Br. at 18-20.)

Petitioner's claim lacks merit as a matter of both law and fact. Although he is correct that his conviction for DWI in New York did not categorically preclude the Board from awarding him credit for the time that he spent at liberty on parole, it also did not require the Board to do so. The enumeration of certain crimes that will *preclude* an award of time credit does not mean that a conviction for any other crime inexorably must result in an award of time credit. Rather, the Board "may, in its discretion, award" such credit. 61 Pa.C.S. §6138(a)(2.1).

In *Pittman*, Petitioner notes, our Supreme Court held that, when the Board exercises its discretion to deny time credit, "the Board must provide a contemporaneous statement explaining its reason for denying [a convicted parole violator] credit for time

---

[5] Our standard of review requires us to determine "whether constitutional rights were violated, whether the decision is in accordance with the law, or whether necessary findings are supported by substantial evidence." *Kerak v. Pennsylvania Board of Probation and Parole*, 153 A.3d 1134, 1137 n.9 (Pa. Cmwlth. 2016).

[6] *See* 61 Pa.C.S. §6138(a)(2.1)(i) (precluding an award of time credit when the "crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. §9714(g)").

4

spent at liberty on parole." *Pittman*, 159 A.3d at 475. The Court explained that "the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12. Contrary to Petitioner's assertion, the Board in this case provided several reasons for its decision. In the Board's Hearing Report, next to the box where the hearing examiner checked "No" to deny Petitioner time credit, the examiner explained that this was due to Petitioner's "poor supervision history." (C.R. at 43.) An elaboration appears later in that same document: "This hearing examiner does not recommend that [Petitioner] be given credit for time spent on liberty due to [Petitioner's] early failure and he committed the new offense while in delinquent status." (C.R. at 48.) This Court recently deemed a very similar explanation sufficient for purposes of *Pittman*. *See Ford v. Pennsylvania Board of Probation and Parole*, 226 A.3d 677, 682 (Pa. Cmwlth. 2020) (finding *Pittman* satisfied where the Board denied credit because petitioner "committed a new crime within a few months of his release from prison on parole"). As in *Ford*, we conclude that the Board's reliance upon Petitioner's early failure to satisfy the requirements of his parole, coupled with his poor supervision history and his commission of a new crime while in delinquent status, provides a sufficient explanation of the Board's reasons for denying Petitioner time credit, and thus satisfies the mandate of *Pittman*. Accordingly, no relief is due on this claim.

Petitioner next contends that the Board erred in recalculating his maximum release date. Petitioner believes that, due to the nature of his offense in New York, he should have been recommitted for a period of six months, rather than the 1,049 days remaining on his original sentence. Petitioner refers to the 2012

amendments[7] to the Prisons and Parole Code,[8] but does not cite a specific statutory provision to support his position. (Petitioner's Br. at 23.) Petitioner further appears to suggest that his maximum release date should have been extended only by the number of days that he was delinquent on parole. (*Id.*)

Petitioner conflates several distinct concepts. The Board's imposition of six months' backtime extended the amount of time that he was required to serve before becoming eligible for reparole; it did not reduce the length of his original sentence. *See Snyder*, 701 A.2d at 636 n.1; *Krantz v. Pennsylvania Board of Probation and Parole*, 483 A.2d 1044, 1048 (Pa. Cmwlth. 1984) ("[W]hen the Board imposes backtime, it is establishing a new parole eligibility date for the parolee, in effect, a recomputed minimum term. Upon completion of the Board-imposed backtime, the parolee has a right to again apply for parole and have the Board consider that application."). On Petitioner's technical violations, the Board imposed six months' backtime in accordance with the 2012 statutory amendments to which Petitioner refers. *See* 61 Pa.C.S. §6138(d)(3)(i) (technical parole violator shall serve "a maximum period of six months" before reparole). Because Petitioner also was a convicted parole violator, however, the Board imposed an additional six months' backtime, which was consistent with the presumptive range set forth in its regulations. *See* 37 Pa. Code §75.2 (setting a presumptive range of three to six months' backtime after conviction for driving under the influence). Running concurrently, however, Petitioner's total of six months' backtime was added to the date that he became available to begin serving his sentence, January 14, 2018, *i.e.*, the date upon which he completed his New York sentence but remained subject to the Board's detainer. (C.R. at 53.) The imposition of six months'

---

[7] *See* Act of July 5, 2012, P.L. 1050, No. 122, §15, *as amended*, 61 Pa.C.S. §6138.

[8] 61 Pa.C.S. §§101-7123.

6

backtime thus yielded a new parole eligibility date of July 14, 2018. (C.R. at 56). There is no error in this calculation.

The calculation of backtime, however, was distinct from the recalculation of Petitioner's maximum release date. When a convicted parole violator is recommitted, "the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted." 61 Pa.C.S. §6138(a)(2). The Board correctly determined that, when Petitioner initially was released on parole on October 15, 2016, there were 1,049 days remaining until his original maximum release date. (C.R. at 53.) After Petitioner completed his sentence for his offense in New York, he became available to begin serving his original sentence on January 14, 2018. (*Id.*) Adding 1,049 days to that date yields a new maximum release date of November 28, 2020. (*Id.*) There is no error in this calculation either. Accordingly, Petitioner's second claim does not warrant relief.

Finally, Petitioner argues that the Board erred in failing to grant him immediate reparole upon his completion of six months' backtime and his participation in a drug and alcohol evaluation and treatment program. Because Petitioner has completed those requirements, but the Board declined to grant him reparole, Petitioner contends that the Board's decision was "arbitrary and capricious." (Petitioner's Br. at 24.) Although Petitioner's completion of such requirements is laudable, it does not entitle him to release on parole. It is well-established that a "recommitted parole violator has no right to reparole at the expiration of a reparole eligibility date, but the violator does have a right to *apply for reparole* at such expiration." *Bowman v. Pennsylvania Board of Probation and Parole*, 709 A.2d 945, 948 (Pa. Cmwlth. 1998) (quoting *Johnson v. Pennsylvania Board of Probation and Parole*, 676 A.2d 1242,

7

1243 (Pa. Cmwlth. 1996) (emphasis in original)).[9] A reparole eligibility date is no guarantee that the Board will, in fact, grant reparole immediately on that date. Petitioner points to the Board's denial of reparole, but absent any other indication that the Board exercised its discretion improperly, we cannot conclude that the Board's decision was arbitrary or capricious. Petitioner's final claim, thus, is without merit.

Accordingly, because Petitioner establishes no basis upon which this Court should grant relief, we affirm the order of the Board.

_____
PATRICIA A. McCULLOUGH, Judge

---

[9] We note that under the current version of the statute, a technical parole violator, after the completion of a statutorily specified period of backtime, and subject to certain limitations, "shall automatically be reparoled without further action by the [B]oard." 61 Pa.C.S. §6138(d)(3). However, this provision is inapplicable to Petitioner, who also is a convicted parole violator, and whose reparole thus falls within the discretion of the Board. *Id.* §6138(a)(3) ("The [B]oard may, in its discretion, reparole whenever, in its opinion, the best interests of the inmate justify or require the inmate's release on parole and it does not appear that the interests of the Commonwealth will be injured thereby.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel E. Washington,         :
              Petitioner    :
                       :    No. 802 C.D. 2019
     v.                    :
                       :
Pennsylvania Board of        :
Probation and Parole,        :
              Respondent   :

## *ORDER*

AND NOW, this 11th day of August, 2020, the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

 

 

_____
PATRICIA A. McCULLOUGH, Judge