John ABRAMS, Petitioner

v.

PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 19, 2007.

Decided Nov. 9, 2007.

Maureen McQuillan, Ebensburg, for petitioner.

Alan M. Robinson, Asst. Counsel and Victoria S. Madden, Chief Counsel, Harrisburg, for respondent.

BEFORE: COLINS, Judge,
PELLEGRINI, Judge, McCLOSKEY,
Senior Judge.

OPINION BY Judge PELLEGRINI.

John Abrams (Parolee) appeals a Pennsylvania Board of Probation and Parole (Board) decision denying his request for administrative relief from a hearing panel determination that he was to serve as a convicted parole violator 24 months of backtime because the "most closely-related crime" to the Virginia crime of "Grand Larceny" under Pennsylvania Law was "Robbery."

■ On April 12, 2005, Parolee, while on parole, was convicted of Grand Larceny in the Commonwealth of Virginia[1] and received a 10–year sentence, but with eight years suspended. Parolee was returned to Pennsylvania, and after a hearing, was recommitted[2] as a convicted parole violator with backtime of 24 months.[3] The backtime imposed was determined under 37 Pa.Code § 75.2, which lists a range of backtime for each listed crime within which the Board, absent special factors, is to impose the appropriate backtime. When a crime is not listed, 37 Pa.Code

---

1. Va.Code Ann. § 18.2–95, defines Larceny and Grand Larceny as:

   Any person who (i) commits larceny from the person of another of money or other thing of value of $5 or more, (ii) commits simple larceny not from the person of another of goods and chattels of the value of $200 or more, or (iii) commits simple larceny not from the person of another of any firearm, regardless of the firearm's value, shall be guilty of grand larceny, punishable by imprisonment in a state correctional facility for not less than one nor more than twenty years or, in the discretion of the jury or court trying the case without a jury, be confined in jail for a period not exceeding twelve months or fined not more than $2,500, either or both.

2. A recommitment is not a second punishment for the original offense; it has no effect on the original judicially-imposed sentence. Recommitment is an administrative determination that the parolee should be reentered to

serve all or part of the unexpired term of his original sentence. The period of recommitment set by the Board, which may be less than the unexpired term of the parolee's sentence, simply establishes a new parole eligibility date for the parolee; it does not entitle him to release after that period of time. Upon completion of this period of backtime, the parolee has the right to again apply for parole and have his application considered by the Board. *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 253, 501 A.2d 1110, 1113 (1985), citing *Krantz v. Pennsylvania Board of Probation and Parole*, 86 Pa.Cmwlth. 38, 483 A.2d 1044 (1984).

3. When parole is revoked, whether for technical or criminal violations of the conditions for parole, the Board imposes a specific period of time that must be served in prison and credited to the sentence being served on parole before the prisoner will again be considered for parole on that sentence. That period is commonly referred to as "backtime."

§ 75.1[4] provides that the presumptive range is to be determined by applying the range for the "most closely-related" Pennsylvania offense. "Grand Larceny" is not a listed offense, requiring the presumptive range to be the one of the "most closely-related offense." When it ordered Parolee to serve 24 months backtime, the hearing panel found "Robbery"[5] to be the most closely-related Pennsylvania offense to the Virginia offense of "Grand Larceny," which had a presumptive range of backtime of 24 to 40 months. Parolee requested administrative relief claiming, that the hearing panel erred in finding that the most closely-related Pennsylvania offense to the Virginia offense of Grand Larceny was "Robbery," not "Theft." The Board denied the request, and this appeal followed.[6]

Parolee contends that the Board erred in assigning the presumptive range for Robbery to determine backtime for his Virginia Grand Larceny conviction because, unlike Robbery, Grand Larceny does not have an element that the taking was from a person by force or threat of force. Because the element of harm or threat of harm is missing, Parolee argues that the most closely-related offenses in Pennsylvania are the theft offenses listed in the Crimes Code.[7] Because the corresponding presumptive range under 37 Pa. Code § 75.2 for theft offenses is six to 12 months for a felony of the third degree or a misdemeanor of first degree theft, Parolee argues that his recommitment sentence of 24 months is impermissibly outside the presumptive range.[8]

4. 37 Pa.Code § 75.1 provides, in relevant part:

(a) Presumptive ranges of parole backtime to be served will be utilized if a parolee is convicted of a new criminal offense while on parole and the Board orders recommitment as a convicted parole violator after the appropriate revocation hearing.

\* \* \*

(d) The presumptive ranges are intended to directly relate to the severity of the crime for which the parolee has been convicted. (e) The severity ranking of crimes listed in § 75.2 (relating to presumptive ranges for convicted parole violations) is not intended to be exhaustive, and the most closely related crime category in terms of severity and the presumptive range will be followed if the specific crime which resulted in conviction is not contained within the listing.

5. 18 Pa.C.S. § 3701 provides in relevant part:

(a) Offense defined.

(1) A person is guilty of robbery if, in the course of committing a theft, he: (i) inflicts serious bodily injury upon another; (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury; (iii) commits or threatens immediately to commit any felony of the first or second degree; (iv) inflicts bodily injury upon another or threatens another with or

intentionally puts him in fear of immediate bodily injury; or (v) physically takes or removes property from the person of another by force however slight.

6. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, or whether the necessary findings of fact were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28 (Pa.Cmwlth.2006).

7. Parolee does not cite a specific theft offense in Pennsylvania, but instead, references the entire statute defining the various theft-related offenses. 18 Pa.C.S. §§ 3921–3934.

8. Focusing on the sentence and not the element of the crime, the Board contends that Robbery is most closely-related to the Virginia crime of Grand Larceny because that crime has a maximum sentence of 20 years which is the maximum sentence for the Pennsylvania crime of Robbery, while the maximum sentence for the Pennsylvania theft offense is 10 years. *See* 18 Pa.C.S. § 3903; 18 Pa.C.S. § 1103. However, it is clear that when determining what crime is "most closely related," it "is the severity of the criminal conduct that

■ In ascertaining what is the "most closely-related offense" to calculate back-time, [t]he Board must look to the conduct for which the parolee was convicted, determine what crime that conduct would constitute if it occurred in Pennsylvania, and apply the presumptive range for the Pennsylvania crime. *Harrington,* 507 A.2d at 1315. In finding that Robbery was the most closely-related Pennsylvania offense, the Board relied solely on the certified court record of the Grand Larceny conviction, which merely listed the conviction and the sentence imposed. All that can be inferred from those documents is that Parolee was convicted of Grand Larceny, an unlawful taking committed without physical harm or threat of physical harm. The most closely-related crime in Pennsylvania is one of the theft crimes that was created when the Crimes Code superseded the Penal Code to subsume the then-existing non-violent crimes that involved the taking of money, including larceny.[9]

Accordingly, because the most closely-related crime to the Virginia crime of "Grand Larceny" is theft, not robbery, that portion of the Board's order imposing backtime is reversed, and the matter is remanded to the Board to determine backtime applying a presumptive range applicable to Theft.

## ORDER

AND NOW, this *9th* day of *November,* 2007, the order of the Pennsylvania Board of Probation and Parole is reversed and the matter is remanded to the Board for the imposition of backtime in accordance with this opinion.

━━━

determines the presumptive range, not the severity of the punishment. It is true, as Parolee argues, that the severity of the criminal conduct must be determined by reference to the punishment prescribed for that conduct by the legislature." *Harrington v. Pennsylvania Board of Probation and Parole,* 96 Pa. Cmwlth. 556, 507 A.2d 1313, 1315 (1986).

9. "This crime of theft was intended to embrace the offenses heretofore known as larceny, embezzlement, false pretense, extortion, blackmail, fraudulent conversion, receiving stolen property, and the like. It is intended by this subsection and this article to elimi-

nate the technical distinctions between larceny, fraudulent conversion, etc. The basic philosophy adopted is *that if a person takes something which does not belong to him, this constitutes theft.* It is contemplated that the indictment will state facts justifying the conclusion that a theft was committed." *Commonwealth v. Robichow,* 338 Pa.Super. 348, 487 A.2d 1000, 1004 (1985), *citing Commonwealth v. Shaffer,* 279 Pa.Super. 18, 420 A.2d 722, 725–26 (1980), quoting Toll, Pennsylvania Crimes Code Annotated 3902 at 420 (1974), *reprinting* the Comment of the Joint State Government Commission (1967). (Emphasis added.)