# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clyde Johnson, : 
                 Petitioner : 
                 :    No. 1727 C.D. 2015 
         v. : 
                 :    Submitted: February 26, 2016 
Pennsylvania Board of Probation : 
and Parole, : 
                 Respondent : 

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge

## _OPINION NOT REPORTED_

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                             FILED: April 29, 2016

Clyde Johnson (Petitioner) petitions for review of the August 13, 2015 order of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal and recalculating his parole eligibility and maximum sentence dates.

Petitioner is currently an inmate at the State Correctional Institution (SCI) at Fayette. On June 24, 2010, Petitioner pled guilty to possession with intent to deliver and a trial court sentenced him to two years and eleven months to ten years imprisonment. The original minimum and maximum dates for Petitioner's sentence were December 17, 2011, and January 17, 2019, respectively. (Certified Record (C.R.) at 1.) On December 21, 2011, Petitioner signed a form entitled, "Conditions Governing Parole/Reparole," which advised him: "[i]f you are convicted of a crime

committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to commit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." (C.R. at 7.) On December 21, 2011, the Board released Petitioner on parole. (C.R. at 11.)

While on parole, Petitioner committed new crimes and was arrested by the Philadelphia Police Department on May 9, 2013. On June 5, 2014, Petitioner pled guilty to third-degree murder, robbery, and criminal conspiracy to commit robbery. On December 10, 2015, Petitioner was sentenced to a new term of imprisonment to be served in a state correctional institution. Petitioner waived his right to a revocation hearing for the new convictions and admitted to violating his parole when he pled guilty to the above-mentioned offenses. (Board's decision at 1; C.R. at 15-17, 74, 77-78, 87.)

Per decision recorded May 11, 2015, the Board recommitted Petitioner as a convicted parole violator and ordered that he serve the entire unexpired term on his original sentence, 7 years and 5 days, as backtime. This unexpired term was calculated to reflect the total number of days remaining on Petitioner's sentence as of his December 22, 2011 parole release date. Adding 7 years and 5 days to the date that Petitioner became available to serve his original sentence, December 10, 2015, the Board extended Petitioner's maximum sentence date to January 4, 2022, and did not award him any credit for time spent at liberty on parole. (C.R. at 102.)[1]

---

[1] We note that because Petitioner pled guilty to the crimes of third-degree murder and robbery, which are statutorily-defined "crimes of violence," the Board had no discretion to award Petitioner credit for time spent at liberty on parole. *See* Section 6138(a)(2.1)(i) of the Prisons and Parole Code, 61 Pa.C.S. §6138(a)(2.1)(i).

Petitioner subsequently filed an administrative appeal asserting that the Board's backtime calculation[2] was excessive and unconstitutional. Citing 37 Pa. Code §75.2, the Board stated that a conviction of robbery imposed a 30 to 48 month presumptive range; a conviction of conspiracy to commit robbery imposed a 30 to 48 month presumptive range; and a conviction of third-degree murder imposed a 36 month to unexpired term presumptive range. The Board concluded that because the maximum presumptive range that it could impose against Petitioner was his total unexpired term, the 7 year and 5 day recommitment period did not exceed the presumptive range and, therefore, was not subject to challenge. (Board's decision at 1.)

On appeal to this Court,[3] Petitioner contends that his constitutional due process rights were violated because the Board exceeded the presumptive range for *conspiracy* to commit third-degree murder. (Petitioner's brief at 10.) Petitioner argues that the Board should have followed the presumptive range of 24 to 48 months for such a conviction and that its failure to do so resulted in a violation of his due process rights.

Petitioner's argument, however, is factually erroneous. Petitioner was not charged with conspiracy to commit murder, but was instead charged with and

---

[2] "When parole is revoked, whether for technical or criminal violations of the conditions for parole, the Board imposes a specific period of time that must be served in prison and credited to the sentence being served on parole before the prisoner will again be considered for parole on that sentence. That period is commonly referred to as 'backtime.'" *Abrams v. Pennsylvania Board of Probation and Parole*, 935 A.2d 604, 605 n.3 (Pa. Cmwlth. 2007).

[3] In reviewing a recommitment decision, this Court's review is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether the decision is in accordance with the law, and whether the Board violated any of the parolee's constitutional rights. *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1093 n.1 (Pa. Cmwlth. 2013).

pled guilty to third-degree murder, robbery, and criminal conspiracy to commit robbery. (C.R. at 74, 77-78.) The regulation at 37 Pa. Code §75.2 enumerates a presumptive range of backtime for each listed crime within which the Board, absent special factors, is to impose as the appropriate backtime. *Abrams v. Pennsylvania Board of Probation and Parole*, 935 A.2d 604, 605 (Pa. Cmwlth. 2007). As the Board correctly noted, 37 Pa. Code §75.2 states that a conviction of third-degree murder imposes a presumptive range of 36 months to the length of the entire unexpired term. *See* 37 Pa. Code §75.2. Therefore, in ordering Petitioner to serve the remainder of his unexpired term, the Board adhered to the standards set forth in 37 Pa. Code §75.2 and imposed backtime that was within the presumptive range. Given that the Board properly applied 37 Pa. Code §75.2, we conclude that Petitioner's due process argument fails.

Moreover, it is well settled that this Court will not review the Board's discretion in imposing backtime for parole violations where the backtime imposed is within the presumptive ranges as stated in 37 Pa. Code §75.2. *Chapman v. Pennsylvania Board of Probation and Parole*, 484 A.2d 413, 417 (Pa. Cmwlth. 1984). In *Congo v. Pennsylvania Board of Probation and Parole*, 522 A.2d 676 (Pa. Cmwlth. 1987), the petitioner was convicted of third-degree murder while on parole, and, consistent with the presumptive range for that crime, the Board ordered the petitioner to serve the remainder of his unexpired term. This Court concluded that "[s]ince the backtime imposed for the murder conviction, unexpired term, is within the presumptive range for that offense . . . the Board's discretion in imposing that amount of backtime will not be reviewed." *Id.* at 679. Based on *Congo*, we conclude that Petitioner's contention that the Board abused its discretion in imposing an excessive amount of backtime is meritless.

4

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clyde Johnson,       :
     Petitioner   :
            :  No. 1727 C.D. 2015
    v.       :
            :
Pennsylvania Board of Probation :
and Parole,       :
     Respondent :

## ***ORDER***

AND NOW, this 29th day of April, 2016, the August 13, 2015 order of the Pennsylvania Board of Probation and Parole is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge