# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cal Heidelberg, Jr., : 
                        Petitioner : 
                                    : 
                    v. :     No. 661 C.D. 2016
                                      :     Submitted: September 9, 2016
Pennsylvania Board of Probation and : 
Parole, : 
                        Respondent : 

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE JOSEPH M. COSGROVE, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**         **FILED: January 20, 2017**

Cal Heidelberg, Jr., (Heidelberg) petitions for review of the Order of the Pennsylvania Board of Probation and Parole (Board) that affirmed the Board's prior decisions recommitting Heidelberg as a convicted parole violator (CPV), directing him to serve 15 months backtime, setting his reparole eligibility date as May 5, 2016, and recalculating his maximum date as August 8, 2021.[1] On appeal,

---

[1] Heidelberg initially filed an Application for Writ of Mandamus (Application) in this Court's original jurisdiction, docketed at 494 M.D. 2015, to which the Board filed preliminary objections (POs) challenging, *inter alia*, this Court's jurisdiction. By Order dated October 26, 2015, we sustained that PO stating "this court's original jurisdiction cannot be used to revive lapsed appeal rights" and dismissed the Application. Heidelberg v. Pa. Bd. of Prob. and Parole (Pa. Cmwlth., No. 454 M.D. 2015, filed Oct. 26, 2015). Heidelberg appealed to the Supreme

*(Continued…)*

Heidelberg argues that the Board erred: (1) in not giving him credit against his original sentence for the 304 days he served on his new sentence that, by order of the Court of Common Pleas of Erie County (common pleas), was to run concurrently with the original sentence; and (2) by imposing backtime that exceeded the presumptive ranges set forth in Section 75.2 of the Board's regulations, 37 Pa. Code § 75.2. We affirm.

Heidelberg is an inmate currently incarcerated at a State Correctional Institution (SCI). On February 14, 2011, Heidelberg was released on parole from his original sentence of 4 years, 6 months to 14 years for Burglary, Criminal Trespass, and Theft. (Sentence Status Summary, C.R. at 1-3; Order to Release on Parole/Reparole, C.R. at 59-60.) Heidelberg's original minimum and maximum dates, respectively, were May 7, 2009 and November 7, 2018. (Sentence Status Summary, C.R. at 1.) While on parole, Heidelberg was arrested on March 28, 2014 by the Erie Police Department, detained at the Erie County Prison, and charged with: (1) Intentionally Possessing a Controlled Substance by a Person Not

Court, which, by Order dated March 29, 2016, vacated this Court's Order and remanded the matter

> for further consideration in [the Commonwealth Court's] appellate jurisdiction pursuant to 42 Pa.[]C.S. § 763 (providing that an appeal from an order of a Commonwealth agency is directed to the Commonwealth Court's appellate jurisdiction) and 42 Pa.[]C.S. § 708(c) (providing that where a complaint in the nature of mandamus is commenced against a government unit objecting to a governmental determination, where the proper mode of relief is an appeal from that determination, the court shall regard it as an appeal from that determination).

Heidelberg v. Pa. Bd. of Prob. and Parole (Pa., No. 26 WAP 2015, filed Mar. 29, 2016). The matter was then transferred to this Court's appellate jurisdiction at the present docket number, and the original jurisdiction matter was closed. Heidelberg v. Pa. Bd. of Prob. and Parole (Pa. Cmwlth., No. 454 M.D. 2015, filed Apr. 26, 2016.)

2

Registered; (2) Possession of a Small Amount of Marijuana; (3) Use of, or Possession with Intent to Use Drug Paraphernalia; (4) Resisting Arrest or Other Law Enforcement; (5) Tampering with or Fabricating Physical Evidence; and (6) Operation of a Vehicle Without Official Certificate of Inspection. (Criminal Docket CP-25-0000991-2014 (Criminal Docket) at 1-3, C.R. at 105-07.) The Board issued a warrant to commit and detain Heidelberg on the same day. (C.R. at 82.) Although common pleas set monetary bail on the new charges at $15,000, Heidelberg did not post bail. (Criminal Docket at 2, C.R. at 106.)

On November 10, 2014, common pleas found Heidelberg guilty of: (1) Intentionally Possessing a Controlled Substance by a Person Not Registered; (2) Possession of a Small Amount of Marijuana; (3) Use of, or Possession with Intent to Use Drug Paraphernalia; and (4) Operation of a Vehicle Without Official Certificate of Inspection. (Id. at 3-4, C.R. at 107-08.) The Board sent Heidelberg a notice of charges and advised him of its intent to hold a revocation hearing on these new convictions. (Notice of Charges and Hearing, C.R. at 97.) On November 24, 2014, Heidelberg waived his right to counsel, a revocation hearing, and a panel hearing, and he admitted that he was found guilty of the new criminal charges. (C.R. at 98-99.) The Board revoked Heidelberg's parole, recommitted him as a CPV, denied him credit for time spent at liberty on parole, and imposed 15 months of backtime based on the new convictions. (Hearing Report at 3-4, C.R. at 124-25; Notice of Board Decision mailed Jan. 20, 2015, C.R. at 130-31.)

Common pleas sentenced Heidelberg on January 26, 2015 to 6 months to 12 months for Intentionally Possessing a Controlled Substance by a Person Not Registered but imposed "[n]o [f]urther [p]enalty" on the other charges. (Criminal Docket at 3-4, C.R. at 107-08.) Common pleas gave Heidelberg 304 days credit

for time served and indicated that the confinement for this new sentence was "concurrent to any sentence currently serving." (Sentencing Order, C.R. at 149.) The minimum date for Heidelberg's new criminal conviction was September 29, 2014, and, having already served beyond that date, common pleas paroled Heidelberg on February 5, 2015. (Order, Feb. 5, 2015, C.R. at 135; Criminal Arrest and Disposition Report, C.R. at 137.)

The Board issued an Order to Recommit Heidelberg as a CPV, which recalculated his maximum date from November 7, 2018 to August 8, 2021. (Order to Recommit, C.R. at 139.) When Heidelberg was paroled on February 14, 2011 he had 2,823 days remaining on his original sentence. The Board gave Heidelberg credit for 447 days he previously had spent confined and subtracted those days from the days remaining on his original sentence, which resulted in 2,376 days remaining on the original sentence. (Id.) Adding 2,376 days to the date Heidelberg was returned to the Department of Corrections' custody, February 5, 2015, resulted in a new maximum date of August 8, 2021. (Id.) The Board sent a new decision, mailed on March 3, 2015, referring to its January 20, 2015 decision that had recommitted Heidelberg as a CPV to serve 15 months backtime, and advising Heidelberg that he was not eligible for reparole until May 5, 2016, and that his new maximum date was August 8, 2021. (C.R. at 141.)

Heidelberg filed an Administrative Appeal and Petition for Administrative Review that was signed February 20, 2015, postmarked February 23, 2015, but was not received by the Board until March 3, 2015 (First Appeal). In the First Appeal, Heidelberg challenged the Board's January 20, 2015 decision recommitting him to serve 15 months backtime because that period exceeded the combined presumptive ranges for the crimes of which he was found guilty. (C.R.

4

at 142.) Heidelberg filed a Second Administrative Appeal and Petition for Administrative Review that was signed on March 30, 2015, postmarked April 2, 2015, which challenged the Board's decision mailed March 3, 2015 (Second Appeal). In the Second Appeal, Heidelberg reiterated his contention that the 15 months backtime imposed exceeded the presumptive range, and, therefore, that his reparole date was erroneous.[2] (C.R. at 146.) Heidelberg also argued that the Board erred by not giving him 304 days credit toward his original credit for the entire time he spent confined on the new charges because common pleas directed that his new sentence was to run concurrently with any other sentence Heidelberg was serving. (Id.) By Order mailed September 6, 2015, the Board interpreted both the First Appeal and Second Appeal (Appeals) to be challenges to the recommitment term imposed by the Board in the January 20, 2015 decision and dismissed both Appeals as untimely because they were not received by the Board, or submitted to prison officials for mailing, within 30 days of the January 20, 2015 decision. (C.R. at 151.)

Heidelberg filed an Application for Writ of Mandamus (Application), docketed at 494 M.D. 2015, on October 5, 2015.[3] Although we initially dismissed the Application for lack of jurisdiction, see footnote 1 supra, we now consider that Application as a petition for review from the Board's September 6, 2015 Order. In doing so, we first must determine whether Heidelberg's appeals of the Board's decisions were timely. Neither party addresses whether the appeals filed in this

_____

[2] By Board decision recorded on March 17, 2016, the Board denied Heidelberg reparole. (C.R. at 152.)

[3] Heidelberg's Application, received by this Court on October 5, 2015, was filed within 30 days of the Board's September 6, 2015 Order. Accepting the Application as Heidelberg's petition for review of the Board's Order, Heidelberg's appeal to this Court was timely.

matter are timely, even though the Board dismissed them as untimely. Nevertheless, the timeliness of an appeal is a jurisdictional question that may be raised by a court *sua sponte*. J.C. v. Dep't of Pub. Welfare, 720 A.2d 193, 197 (Pa. Cmwlth. 1998); Darroch v. Unemployment Comp. Bd. of Review, 627 A.2d 1235, 1237 (Pa. Cmwlth. 1993). If an appeal is not filed within the requisite time period, the administrative agency lacks jurisdiction to consider the appeal. J.C., 720 A.2d at 197.

Here, the Board denied Heidelberg's Appeals as untimely on September 6, 2015. (C.R. at 151.) Section 73.1(a)(1) of the Board's regulations require that appeals must "be received at the Board's Central Office within 30 days of the mailing date of the Board's order." 37 Pa. Code § 73.1(a)(1). Notwithstanding this regulation, pursuant to the "prisoner mailbox rule," "'a pro se prisoner's appeal shall be deemed to be filed on the date that he delivers the appeal to prison authorities and/or places his notice of appeal in the institutional mailbox.'" Pettibone v. Pa. Bd. of Prob. and Parole, 782 A.2d 605, 608 (Pa. Cmwlth. 2001) (quoting Smith v. Pa. Bd. of Prob. and Parole, 683 A.2d 278, 281 (Pa. 1996)) (emphasis omitted). Thus, a pro se prisoner's appeal shall be considered timely if the postmark on the administrative appeal is within 30 days of the mailing date of the Board's decision. Id.

In the September 6, 2015 Order, the Board concluded that *both* of Heidelberg's Appeals were from the January 20, 2015 decision. (Id.) However, a review of Heidelberg's Appeals reveal, as indicated above, that the First Appeal challenged the January 20, 2015 decision, and the Second Appeal challenged the March 3, 2015 decision. The Appeals specifically set forth the different Board decisions' dates from which Heidelberg is appealing, and Heidelberg's arguments

set forth in the Appeals specifically address the Board's decision referenced therein. (C.R. at 142, 146.) Therefore, the Appeals reflect that they were not both from the January 20, 2015 decision. (C.R. at 142, 146.) Heidelberg's First Appeal, challenging his recommitment to 15 months backtime, was postmarked February 23, 2015, which was more than 30 days after the January 20, 2015 decision. But, Heidelberg's Second Appeal, asserting error in the recalculation of his maximum date, the failure to give him credit for 304 days pursuant to common pleas' sentencing order, and setting his reparole eligibility date as May 5, 2016, was postmarked on April 2, 2015, 30 days after the Board's March 3, 2015 decision. Accordingly, although the First Appeal was not timely filed, the Second Appeal was timely and should not have been dismissed as being untimely. We now turn to Heidelberg's arguments challenging the Board's decisions.[4]

Heidelberg first argues that the Board erred in not giving him credit against his original sentence for the 304 days he served on his new sentence that, by order of common pleas, was to run concurrently with his original sentence. Heidelberg asserts that the Board "lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions. McCray v. Dep[']t[] of Corr[.], 872 A.2d 1127[, 1133] (Pa. 2005). Sentencing is a matter vested in the sound discretion of the sentencing judge. Commonwealth v. Ford, 947 A.2d 1251, 1252 (Pa. Super. 2008)." (Heidelberg's Br. at 4.) According to Heidelberg, common pleas' sentencing order directed that the sentence on the new conviction was to run concurrently with any sentence Heidelberg already was serving, and he was given

---

[4] In reviewing the Board's orders, our review "is limited to determining whether the Board's findings are supported by substantial evidence, [whether] an error of law [was] committed, or whether any of the parolee's constitutional rights were violated." Andrews v. Pa. Bd. of Prob. and Parole, 516 A.2d 838, 841, n.10 (Pa. Cmwlth. 1986).

7

304 days credit for time served at the time he was sentenced. Therefore, Heidelberg contends, his original sentence should have been reduced by 304 days as well.

The Board responds that, under Section 6138(a)(5) of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6138(a)(5), Heidelberg could not serve his new county sentence concurrently with his original sentence. Citing, among others, Commonwealth v. Zuber, 353 A.2d 441, 443 (Pa. 1976), Rivera v. Pennsylvania Board of Probation and Parole, 470 A.2d 1088, 1090 (Pa. Cmwlth. 1984), and Commonwealth v. Draper, 293 A.2d 614, 615 (Pa. Super. 1972), the Board argues that it is well-settled that, pursuant to the Code and this precedent, a sentencing judge cannot order a new sentence to run concurrently with an original sentence. Therefore, the Board maintains that its decision not to give Heidelberg credit for the 304 days served on the new sentence should be affirmed.

Section 6138(a)(5) applies to CPVs and provides that:

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

(ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

(iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. § 6138(a)(5). In <u>Zuber</u>, our Supreme Court held that, under the predecessor of Section 6138(a)(5) of the Code,[5] "the law is quite clear that a parole violator convicted and sentenced to prison for another offense must serve his or her back time and the new sentence in consecutive order." <u>Zuber</u>, 353 A.2d at 443. No common pleas court can issue such a sentence, and neither the Board nor a district attorney can alter this provision by entering into a plea bargain or agreement whereby a parolee is permitted to serve his new sentence concurrently with his original sentence. <u>Palmer v. Pa. Bd. of Prob. and Parole</u>, 134 A.3d 160, 165 (Pa. Cmwlth. 2016); <u>see</u> <u>also</u> <u>Walker v. Pa. Bd. of Prob. and Parole</u>, 729 A.2d

---

[5] Former Section 21.1a(a) of what was commonly referred to as the Parole Act, Act of August 6, 1941, P.L. 861, added by Section 5 of the Act of August 24, 1951, P.L. 1401, <u>as</u> <u>amended</u>, <u>formerly</u> 61 P.S. § 331.21a(a), repealed by Section 11(b) of the Act of August 11, 2009, P.L. 147. Similar to Section 6138(a)(5) of the Code, former Section 21.1a(a) stated, in pertinent part:

> If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:
>
> (1) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution.
>
> (2) If a person is paroled from a county penal or correctional institution and the new sentence imposed upon him is to be served in the same county penal or correctional institution.
>
> In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

<u>Formerly</u> 61 P.S. § 331.21a(a).

9

634, 638 (Pa. Cmwlth. 1999) (holding that neither the courts nor the Board can impose concurrent sentences).

Recently, in Kerak v. Pennsylvania Board of Probation and Parole, ___ A.3d ___ (Pa. Cmwlth., No. 406 C.D. 2015, filed November 10, 2016) (en banc), this Court addressed whether the Board erred in recalculating a parolee's maximum date by not giving the parolee credit based on a sentencing judge's order, pursuant to a plea agreement under the Post Conviction Relief Act,[6] that indicated that the parties intended "to permit the instant sentence to be served concurrently with a state probation/parole violation [Kerak] is currently serving [on his original aggravated assault conviction] without violating the provisions of [Section 6138(a) of the . . . Code]." Kerak, __ A.3d at __, slip op. at 4, 7 (footnote omitted). Relying on Section 6138(a)(5) of the Code, Zuber and Palmer, a majority of this Court affirmed the Board's decision not to run the parolee's new sentence concurrently with his backtime for his original sentence, "notwithstanding the [sentencing judge's] order to the contrary" and in recalculating the parolee's new maximum date without giving the parolee credit based on the ordered concurrent sentences. Kerak, __ A.3d at __, slip op. at 13-15. Kerak analyzes the case law the Board relies upon here to argue that it was permissible for the Board to not credit Heidelberg's original sentence for time served on his new sentence even though common pleas sentenced him to concurrent sentences, and its holding represents the current view of a majority of this Court.[7] We are bound by Kerak,

---

[6] 42 Pa. C.S. §§ 9541-9546.

[7] The dissenting opinion in Kerak did not disagree that, under Section 6138(a)(5) of the Code, new sentences cannot run concurrently with a parolee's original sentence; but objected to the majority opinion's holding that an executive branch agency can "*ignore* key provisions of an unappealed final order issued by a court" if the agency concludes the order is inconsistent with the law without "do[ing] injury to the separation of powers and the principle of an independent

*(Continued…)*

and, notwithstanding common pleas' order directing concurrent sentences, we are required to find no error in the Board's decision, pursuant to Section 6138(a)(5) of the Code, not to credit Heidelberg with the requested 304 days.[8]

Heidelberg next challenges the Board's imposition of 15 months of backtime for his new convictions when the presumptive guidelines impose a maximum of 12 months and the Board cited no aggravating factors for imposing a period greater than the guidelines suggest. According to Heidelberg, once the correct backtime is acknowledged, his "maximum date should be corrected." (Heidelberg's Br. at 6.)

To the extent that Heidelberg's arguments relate to the imposition of the 15 months of backtime itself, we observe that this was a part of the Board's January

---

judiciary." Kerak, __ A.3d at __, (Cohn Jubelirer, J., dissenting), slip op. at 1-2 (emphasis in original). The dissenting opinion further observed that this Court should follow our Supreme Court's recent approach to plea agreements that focuses "on whether a convicted person receives the benefit of his or her bargain made with the Commonwealth" rather than "on whether the executive branch agency complies with the Code" and that "the Board's duty must give way" to "a convicted person's right to have a plea agreement enforced." Id. at __, slip op. at 3-7 (citing Zuber, 353 A.2d at 444, 446 (wherein the Supreme Court reduced the appellant's new sentence in order for the appellant to receive the benefit of his plea bargain); Commonwealth v. Martinez, 147 A.3d 517, 532-33 (Pa. 2016) (ordering specific enforcement of petitioners' plea agreements, which required the petitioners to register for shorter periods of time (or not at all), based on the crimes to which they pleaded, than required by the subsequently enacted Sexual Offender Registration and Notification Act (SORNA), Sections 9799.10-9799.41 of the Sentencing Code, 42 Pa. C.S. §§ 9799.10-9799.41)). The present matter does not involve a plea agreement, and, therefore, much of the rationale in the dissenting opinion in Kerak is inapplicable. However, as powerfully and eloquently explained by the dissenting opinion here, the concern expressed in the dissenting opinion in Kerak regarding an executive branch agency's authority to ignore an unappealed order of a court and thereby "reduce the most significant of judicial actions to a mere footnote" is similarly present here. Heidelberg v. Pa. Bd. of Prob. and Parole (Pa. Cmwlth., No. 661 C.D. 2016, filed January 20, 2017), slip op. at 2 (Cosgrove, J., dissenting). Nevertheless, a majority of this Court in Kerak concluded that the Board's decision was proper under the same precedent cited here, and, therefore, we must follow that interpretation.

[8] Our review of the Board's recalculation of Heidelberg's new maximum date reveals that, without considering the 304 days, the calculation is correct.

20, 2015 decision, which Heidelberg did not timely appeal. Therefore, that issue is waived. However, as "backtime" is the part of an existing judicially-imposed sentence that a parole violator is required to serve before becoming eligible to re-apply for parole, Krantz v. Pennsylvania Board of Probation and Parole, 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984), it is possible that Heidelberg's argument in this regard is related to his assertion that the Board erred in recalculating the date he would be eligible for reparole to May 5, 2016. This challenge was raised in Heidelberg's timely-filed Second Appeal. The Board asserts that Heidelberg's challenge to his reparole date should be dismissed as moot because Heidelberg's reparole date has passed and he was interviewed and denied reparole by Board decision dated March 17, 2016. Therefore, according to the Board, there is no relief that this Court can grant based on this alleged error, and the exceptions to the mootness doctrine do not apply.

"[A]n appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief." Taylor v. Pa. Bd. of Prob. and Parole, 746 A.2d 671, 674 (Pa. Cmwlth. 2000). "Dismissal will be refused only if the issues involved are capable of repetition yet likely to evade review and of important public interest, or where a party will suffer some detriment without the court's decision." Id. "'A recommitted parolee has no right to reparole at the expiration of a reparole eligibility date,'" nor does he "have a right to a date certain for either reparole or a reparole hearing." Bowman v. Pa. Bd. of Prob. and Parole, 709 A.2d 945, 948 (Pa. Cmwlth. 1998) (quoting Johnson v. Pa. Bd. of Prob. and Parole, 676 A.2d 1242, 1243 (Pa. Cmwlth. 1996)). Rather, "[u]pon the completion of this period of backtime, the parolee has the right to again apply for parole and have his application *considered* by the Board." Abrams v. Pa. Bd. of Prob. and

12

Parole, 935 A.2d 604, 605 n.2 (Pa. Cmwlth. 2007) (emphasis added). "Parole is not a right but rather a matter of grace lying solely within the discretion of the Board." Bowman, 709 A.2d at 948.

Here, the Board's March 3, 2015 decision advised Heidelberg that he was not eligible for reparole until May 5, 2016. (C.R. at 141.) Heidelberg's relief for any alleged miscalculation of his backtime would have been a recalculation of that backtime making him *eligible* for reparole on an earlier date. See Abrams, 935 A.2d at 607 (holding that the Board erred in calculating the parolee's backtime due as a CPV and remanding the matter for the Board to recalculate the backtime by applying the lesser range). However, even if Heidelberg would have been *eligible* for reparole at an earlier date, this does not mean that he would have been reparoled because he has no right to be reparoled. Bowman, 709 A.2d at 948. Here, prior to his reparole eligibility date, the Board considered Heidelberg for reparole and, by decision dated March 17, 2016, denied Heidelberg reparole and informed him that he could reapply in one year. Heidelberg has already received the relief that could have been awarded, a reparole hearing and determination as to reparole. Moreover, we agree with the Board that this does not fall within the exceptions of the mootness doctrine because this issue is not one that is capable of repetition but likely to evade review, and Heidelberg has not suffered any detriment where the Board, acting within its sole discretion, denied his reparole after considering Heidelberg's application.

For these reasons, we affirm the Board's Order.[9]

_____
**RENÉE COHN JUBELIRER,** Judge

---

[9] We acknowledge that the Board's Order affirmed its prior decisions on the basis that Heidelberg's Appeals were both from the January 20, 2015 decision and untimely; however, this Court "may affirm on other grounds where grounds for affirmance exist." Kutnyak v. Dep't of Corr., 748 A.2d 1275, 1279 n.9 (Pa. Cmwlth. 2000).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cal Heidelberg, Jr.,                                   :
                         Petitioner          :
                                                          :
            v.                                       :          No. 661 C.D. 2016
                                                          :
Pennsylvania Board of Probation and          :
Parole,                                                 :
                         Respondent         :

# **O R D E R**

**NOW**, January 20, 2017, the Order of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is hereby **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cal Heidelberg, Jr.,                        :
                        Petitioner          :
                                            :
            v.                              :
                                            :
Pennsylvania Board of Probation             :
and Parole,                                 :    No. 661 C.D. 2016
                        Respondent          :    Submitted: September 9, 2016


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE COSGROVE                           FILED:  January 20, 2017


        Given my belief that *Kerak v. Pennsylvania Board of Probation and Parole*, ___ A.3d ___ (Pa. Cmwlth., No. 406 C.D. 2015, filed November 10, 2016) (en banc) was wrongly decided, I must dissent.  Although *Kerak* involved application of the terms of a plea agreement (something which is absent from the present matter), the ultimate rationale of *Kerak* -- whether an executive agency may ignore the specific provisions of a judicial order -- are implicated here. Separation of powers principles demand unfettered executive respect for the decisions of the judiciary.  As noted in the dissent to *Kerak*: "Under our constitutional system, executive branch agencies must comply with final orders of a court until a court corrects or amends that order, even if agency officials believe the order does not comply with the law." *Id.* at ___,     (Cohn     Jubelirer,     J., dissenting), Slip Op. at 7.

This is most especially true in a case such as this, where the order in question involves imposition of sentence. There is no judicial action more intimate or impactful than the sentencing decision. "If the hundreds of American judges who sit on criminal cases were polled as to what was the most trying facet of their jobs, the vast majority would almost certainly answer 'Sentencing.' In no other judicial function is the judge more alone; no other act of his [or hers] carries greater potentialities for good or evil than the determination of how society will treat its transgressors." Judge Irving R. Kaufman, Sentencing: The Judge's Problem, Atlantic Monthly, January 1960, available at http://www.theatlantic.com/past/docs/unbound/flashbks/death/kaufman.htm (last visited January 5, 2017). Yet *Kerak,* and now the present decision, reduce that most significant of judicial actions to a mere footnote in the hands of an executive agency. I cannot think of a greater insult to judicial independence than to subject a judge's sentencing decision to the approval or rejection of another branch of government. As I believe the *Kerak* dissent was correct, I cannot agree with the present Majority. I must therefore dissent.

_____
JOSEPH M. COSGROVE, Judge