IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elvin Ramos,                     :
                                      :
                Petitioner   :
                                      :
          v.                     : No. 804 C.D. 2023
                                      : Submitted: July 5, 2024
Pennsylvania Parole Board,     :
                                      :
              Respondent   :

BEFORE:     HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE MATTHEW S. WOLF, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                           FILED: August 28, 2024

Elvin Ramos (Inmate) petitions for review from an order of the Pennsylvania Parole Board (Board) that denied his administrative appeal challenging the imposition of 30 months' backtime, the denial of credit for time spent at liberty on parole, and the calculation of his new maximum sentence date. Also before us is a petition to withdraw as counsel filed by Inmate's court-appointed attorney, Kent D. Watkins, Esq. (Attorney Watkins), on the ground that Inmate's appeal is without merit. For the reasons that follow, we grant Attorney Watkins' petition to withdraw as counsel, and we affirm the Board's order.

## I. Background

In February 2010, Inmate was originally sentenced to a term of incarceration in a state correctional institution (SCI) of 2 years and 3 months to 6

years after pleading guilty to drug manufacture, sale, delivery or possession with intent (PWID). Certified Record (C.R.) at 1. Later, in June 2010, Inmate received consecutive and concurrent sentences of 5 to 10 years after pleading guilty to an additional PWID charge and a criminal conspiracy charge for a total sentence of 5 years and 3 months to 16 years' imprisonment. Inmate's original maximum sentence date was February 12, 2026. *Id*.

On May 15, 2017, the Board released Inmate on parole. C.R. at 7. At the time of his release, Inmate owed 3,195 days on the unexpired term of his original sentence (*i.e.*, February 12, 2026 to May 15, 2017). *Id*. at 75.

On October 6, 2021, while on parole, the Board arrested Inmate on its warrant to commit and detain for parole violations. C.R. at 11. The next day, Inmate was arrested and charged with one count PWID and multiple counts of possession of a firearm prohibited (Firearm Possession) and deliver a firearm after 48 hours elapsed (Firearm Delivery). *Id.* at 13. The Philadelphia County Court of Common Pleas (sentencing court) set bail at 10% of $450,000, which Inmate did not post. *Id.* at 59, 75. Inmate was confined at the Philadelphia County Prison pending disposition of the new criminal charges. *Id.* at 12.

On October 13, 2022, Inmate pleaded guilty to one count of PWID (Felony (F)); three counts of Firearm Possession (F1); and three counts of Firearm Delivery (F3). C.R. at 13, 46-47. The additional counts were *nolle prossed*. *Id.* at 50. The sentencing court sentenced Inmate to serve 2 to 4 years on the PWID count, 4 to 8 years on the three counts of Firearm Possession, and 2 to 4 years on the three counts of Firearm Delivery in an SCI, with all confinement to run concurrently. *Id*.

Immediately after sentencing, Inmate was transferred to SCI-Frackville. C.R. at 35, 64. As a result of the new conviction, the Board charged

2

Inmate as a convicted parole violator (CPV). *Id.* at 55. Inmate waived his right to a panel revocation hearing and to representation of counsel. *Id*. at 16-17. A hearing examiner held a non-panel revocation hearing. *Id*. at 20-33. At the hearing, Inmate acknowledged the veracity of his new criminal convictions. *Id*. at 30. On January 31, 2023, the Board voted to revoke Inmate's parole and recommit him as a CPV based on the new convictions to serve 30 months without credit for time spent at liberty on parole. *Id.* at 34-39.

By decision mailed February 24, 2023, the Board recommitted Inmate as a CPV to serve 30 months' "backtime."[1] C.R. at 66. The Board calculated Inmate's new maximum sentence date of October 30, 2031, by adding 3,195 days remaining on his original sentence, less credit for one day served solely on the Board's warrant (October 6, 2021), to his recommitment date of January 31, 2023. *Id*. at 64, 66. The Board declared he would not be eligible for parole until July 30, 2025. *Id.* at 66. The Board did not award any credit for time spent at liberty on parole, also known as "street time." *Id*. at 67. The Board explained: "[Inmate] committed a new conviction that is the same or similar to the original offense thereby warranting denial of credit for time at liberty on parole. [Inmate] committed a new

---

[1] As this Court has explained:

> When parole is revoked, whether for technical or criminal violations of the conditions for parole, the Board imposes a specific period of time that must be served in prison and credited to the sentence being served on parole before the prisoner will again be considered for parole on that sentence. That period is commonly referred to as "backtime."

*Abrams v. Pennsylvania Board of Probation and Parole*, 935 A.2d 604, 606 n.3 (Pa. Cmwlth. 2007).

3

offense involving possession of a weapon thereby warranting denial of credit for time at liberty on parole." *Id.*

Inmate, representing himself, filed an administrative appeal from the Board's decision. C.R. at 68-70. Therein, Inmate asserted that the Board erred or abused its discretion by imposing a recommitment term that exceeded the presumptive range, denying him credit for time spent at liberty on parole where his new crimes were not crimes of violence, and miscalculating his new maximum sentence date and extending his original sentence. *Id.* By decision dated July 18, 2023, the Board denied Inmate's administrative appeal and affirmed its recommitment decision. *Id.* at 74-75.

On Inmate's behalf, Attorney Watkins filed a petition for review in this Court. Shortly thereafter, Attorney Watkins filed a petition to withdraw as counsel along with a no-merit letter based on his belief that Inmate's appeal is without merit and lacks support in both law and fact. This matter is now before us for disposition.

## II. Petition to Withdraw

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.[2] *Commonwealth v. Turner*, 544 A.2d 927,

---

[2] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accord with *Anders v. California*, 386 U.S. 738 (1967), referred to as an *Anders* brief, that (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. **(Footnote continued on next page…)**

4

928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009) (*en banc*); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'" *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, court-appointed counsel who seeks to withdraw representation must (1) notify the petitioner of the request to withdraw; (2) furnish the petitioner with a copy of a brief or no-merit letter; and (3) advise the petitioner of his right to retain new counsel or raise any new points that he might deem worthy of consideration. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22. If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25. If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, Attorney Watkins' no-merit letter satisfies the technical requirements of *Turner*. Attorney Watkins states that he conducted a thorough review of the record, applicable statutes, and case law. He sets forth the issues Inmate raised in the petition for review that the Board erred by recommitting Inmate to serve 30 months' backtime, not granting credit for time spent at liberty on parole where his new conviction did not involve a crime of violence, and miscalculating

---

2009); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (*en banc*). Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Hughes*, 977 A.2d at 25-26.

5

Inmate's new maximum sentence date and extending his term. Attorney Watkins also sets forth the subsidiary issues Inmate raised in his administrative appeal. Attorney Watkins provides a thorough analysis as to why these issues lack merit, and he cites applicable statutes, regulations, case law, and the certified record in support.

Attorney Watkins explains that the Board did not err or abuse its discretion by imposing 30 months' backtime. The 30-month recommitment term clearly falls within the presumptive range as set forth in Section 75.2 of the Board's regulations, 37 Pa. Code §75.2, for Inmate's aggregated offenses. Because the term falls within the presumptive range, the Board was not required to provide written justification or conduct an additional hearing.

Although Inmate's new convictions did not involve a crime of violence, Section 6138(a)(2) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a)(2), gives the Board discretion to recommit a CPV to serve the unserved balance of his original maximum sentence without credit for time that he spent at liberty on parole. The Board provided a valid, contemporaneous reason for declining to award credit.

Further, the Board properly calculated Inmate's maximum sentence date and did not unlawfully extend his original sentence. The Board recalculated Inmate's maximum sentence date by adding the remainder of unserved days on his original sentence when he was paroled to his date of return, with no credit for time spent at liberty on parole. The Board's calculation did not increase the length of his sentence. The Board's decision to deny credit for street time did not violate Inmate's constitutional right to due process.

6

Based on his review, Attorney Watkins concludes that Inmate's appeal to this Court is without merit, and he requests permission to withdraw. Attorney Watkins provided Inmate with a copy of the no-merit letter and his request to withdraw. He advised Inmate of his right to retain new counsel or proceed by representing himself.[3] As we are satisfied that Attorney Watkins has discharged his responsibility in complying with the technical requirements to withdraw from representation, we shall conduct an independent review to determine whether Inmate's petition for review lacks merit.[4]

### III. Independent Review
### A. Presumptive Range

First, Inmate contends that the Board erred or abused its discretion by recommitting him to serve 30 months' backtime. He claims this is beyond the presumptive ranges for his offenses. The Board failed to conduct a hearing or provide written justification for exceeding the range limitations.

"Recommitment is an administrative determination that the parolee should be reentered to serve all or part of the unexpired term of his original sentence." *Abrams v. Pennsylvania Board of Probation and Parole*, 935 A.2d 604, 606 n.2 (Pa. Cmwlth. 2007). "The period of recommitment set by the Board, which may be less than the unexpired term of the parolee's sentence, simply establishes a new parole eligibility date for the parolee; it does not entitle him to release after that period of time" but permits him to reapply for parole. *Id*.

---

[3] Inmate did not retain new counsel or file a brief in support of his petition for review.

[4] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

7

"This [C]ourt will not interfere with the Board's discretion where the parole violations are supported by substantial evidence and the amount of backtime imposed . . . is within the applicable presumptive range." *Davis v. Pennsylvania Board of Probation and Parole*, 841 A.2d 148, 151-52 (Pa. Cmwlth. 2004) (footnote omitted). Indeed, "[a]s long as the period of recommitment is within the presumptive range for the violation," the courts "will not entertain challenges to the propriety of the term of recommitment." *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558, 560 (Pa. 1990).

> The Board's regulations provide:
>
> (a) Presumptive ranges of parole backtime to be served will be utilized if a parolee is convicted of a new criminal offense while on parole and the Board orders recommitment as a [CPV] after the appropriate revocation hearing.
>
> (b) The presumptive ranges of parole backtime are intended to structure the discretion of the Board while allowing for individual circumstances in terms of mitigation and aggravation to be considered in the final decision.
>
> (c) The Board may deviate from the presumptive range or determine that recommitment should not occur, provided written justification is given.
>
> (d) The presumptive ranges are intended to directly relate to the severity of the crime for which the parolee has been convicted.
>
> (e) The severity ranking of crimes listed in [Section ]75.2 (relating to presumptive ranges for convicted parole violations) is not intended to be exhaustive, and the most closely related crime category in terms of severity and the presumptive range will be followed if the specific crime which resulted in conviction is not contained within the listing.

37 Pa. Code §75.1. As to the presumptive ranges applicable here, the regulations provide:

> If the Board orders the recommitment of a parolee as a [CPV], the parolee shall be recommitted to serve an additional part of the term which the parolee would have been compelled to serve had he not been paroled, in accordance with the following presumptive ranges:

| Offense Categories | Presumptive Ranges |
|---|---|
| * * * * | |
| Drug Law Violations: | |
| Felony with Statutory Maximum of 5 years | 9 months to 15 months |
| * * * * | |
| Violation of any Provision of the Pennsylvania Uniform Firearms Act [of 1995[5]] | 18 months to 24 months |

37 Pa. Code §75.2. "Where there are multiple offenses[,] the Board may treat each offense separately and [may] aggregate the presumptive ranges to arrive at an applicable presumptive range." *Ward v. Pennsylvania Board of Probation and Parole*, 538 A.2d 971, 975 (Pa. Cmwlth. 1988).

However, "backtime cannot exceed the time remaining on the original judicial sentence." *Marshall v. Pennsylvania Board of Probation and Parole*, 200 A.3d 643, 648 (Pa. Cmwlth. 2018) (citing *Yates v. Pennsylvania Board of Probation and Parole*, 48 A.3d 496 (Pa. Cmwlth. 2012)). "By definition, when the Board imposes backtime, it does not alter a judicially[]imposed sentence; it simply requires

---

[5] 18 Pa. C.S. §§6101-6128.

the [parolee] to serve some or all of the time remaining on the original sentence" before he may reapply for parole. *Id*.

The Board applied the following presumptive ranges to Inmate's new convictions in calculating backtime:

| *Counts* | *Convictions/Grading* | *Presumptive Ranges* | *Aggregate Ranges* |
|---|---|---|---|
| 1 count | PWID (Heroin) (F) | 9 months to 15 months | 9 months to 15 months |
| 3 counts | Firearm Possession (Fl) | 18 months to 24 months (each count) | 54 months to 72 months |
| 3 counts | Firearm Delivery (F3) | 18 months to 24 months (each count) | 54 months to 72 months |

C.R. at 38. The new convictions carried an aggregate maximum range of 159 months. *Id*. The Board's imposition of 30 month's backtime clearly falls within this presumptive range and does not exceed the unexpired term of his original sentence (3,194 days or approximately 105 months). Inmate's challenge to the contrary lacks merit. Because the Board did not exceed the presumptive range, the Board was not required to provide written justification. *See* 37 Pa. Code §75.1(c).

## B. Time Spent at Liberty on Parole

Next, Inmate contends that the Board erred by failing to credit his original sentence with time spent at liberty on parole. Inmate claims that the Board is only precluded from awarding credit when the conviction involves a crime of violence or other exceptions, which his convictions did not.

Section 6138(a)(2) of the Parole Code authorizes the Board to recommit a CPV to serve all or part of the unexpired term of his original sentence had he not been paroled. 61 Pa. C.S. §6138(a)(2). Subsection (2.1) grants the Board discretion to award credit to a CPV for time spent at liberty on parole except where:

> (i) The crime committed during the period of parole or while delinquent on parole is *a crime of violence* as defined in 42 Pa.C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

> (ii) The parolee was recommitted under [S]ection 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a)(2.1)(i) and (ii); *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473 (Pa. 2017).

In the exercise of this discretion, the Board must conduct an "individual assessment of the facts and circumstances surrounding [a parolee's] parole revocation." *Pittman*, 159 A.3d at 474. Further, the Board must "articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Id.* Where the Board denies credit for time served at liberty on parole, this time is applied to the original maximum expiration date to create a new maximum date. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007).

Here, Inmate was not convicted of a crime of violence, did not commit a crime requiring sex offender registration, and was not subject to a federal removal order. *See* 61 Pa. C.S. §6138(a)(2.1)(i) and (ii). As a result, the Board had discretion to grant or deny credit for the time he spent at liberty on parole. 61 Pa. C.S. §6138(a)(2.1); *Pittman*, 159 A.3d at 474. The Board chose to deny credit

11

explaining: "[Inmate] committed a new conviction that is the same or similar to the original offense thereby warranting denial of credit for time at liberty on parole. [Inmate] committed a new offense involving possession of a weapon thereby warranting denial of credit for time at liberty on parole." C.R. at 67. The Board's explanation constitutes a sufficient articulation for denying credit. *See Barnes v. Pennsylvania Board of Probation and Parole*, 203 A.3d 382, 391 (Pa. Cmwlth. 2019) (holding the Board's reason that the parolee's new conviction was "same/similar to original offense" and his parole resulted in "early failure" after only eight months on the street was a sufficient articulation of reason for denying credit); *see also Pittman*, 159 A.3d at 475 n.12 (opining "the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances"). Upon review, we discern no error or abuse of discretion in the Board's denial of credit. Inmate's argument that the Board lacked discretion to deny credit is without merit.

### C. Maximum Sentence Date

Next, Inmate claims that the Board erred when it recalculated his new maximum sentence date and unlawfully extended his judicially imposed term on his original sentence. In so doing, Inmate contends that the Board violated his due process rights.

"If [a] parolee is recommitted as a CPV, he must serve the remainder of the term that he would have been compelled to serve had parole not been granted . . . , with no time for liberty on parole, unless the Board, in the exercise of its sole discretion, chooses to award credit." *Hughes v. Pennsylvania Board of Probation and Parole*, 179 A.3d 117, 120 (Pa. Cmwlth. 2019). The Board is fully authorized to recalculate the new sentence maximum date beyond the maximum sentence date

12

originally imposed so long as it is not adding time to the total length of the sentence. *Marshall*, 200 A.3d at 648. It is the maximum length of the sentence, not the maximum date, that controls. *Id.*; *Hughes*, 179 A.3d at 120. Further, the denial of credit for street time does not represent an enhancement of the sentence originally imposed or otherwise constitute a due process violation. *Young v. Commonwealth Board of Probation and Parole*, 409 A.2d 843, 847 n.8 (Pa. 1979).

Here, when the Board released Inmate on parole, he owed 3,195 days on the unexpired term of his original sentence. The Board credited Inmate with one day served solely on the Board's warrant (October 6, 2021), which left 3,194 days remaining on his original sentence. As discussed above, the Board did not award credit for time spent at liberty on parole. The Board properly recalculated Inmate's maximum sentence date by adding his 3,194 days on his unexpired term to the date the Board voted to recommit him on January 31, 2023, which yielded a new maximum sentence date of October 30, 2031. In so doing, the Board did not extend the length of Inmate's original sentence, just the sentence date. Accordingly, Inmate's argument that the Board violated the law and his due process rights by extending his sentence lacks merit.

Upon review, we agree with Attorney Watkins that Inmate's claims are without merit. Accordingly, we grant Attorney Watkins' petition to withdraw as counsel, and we affirm the order of the Board denying Inmate's administrative appeal.

_____
MICHAEL H. WOJCIK, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elvin Ramos, :
:
Petitioner :
:
v. : No. 804 C.D. 2023
:
Pennsylvania Parole Board, :
:
Respondent :

# **O R D E R**

AND NOW, this 28th day of August, 2024, the Application to Withdraw as Counsel filed by Kent D. Watkins, Esq., is GRANTED, and the decision of the Pennsylvania Parole Board dated July 18, 2023, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge