Jeffrey J. Burke,  :
              Petitioner  :
                    :
        v.  :
                    :
Pennsylvania Board of  :
Probation and Parole,  :   No. 847 C.D. 2018
              Respondent  :   Submitted: February 8, 2019

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                    FILED: March 25, 2019

Jeffrey J. Burke (Burke) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) May 17, 2018 order denying his request for administrative relief. Burke presents two issues for this Court's review: (1) whether Burke voluntarily admitted to his parole violation and waived his right to a revocation hearing and counsel; and (2) whether the Board violated Burke's right to a timely revocation hearing. After review, we affirm in part and vacate and remand in part.

Burke is an inmate at the State Correctional Institution (SCI) at Coal Township. On November 12, 2013, Burke was paroled from his 2- to 5-year sentence for drug possession (Original Sentence). *See* Certified Record (C.R.) at 4-7. At that time, Burke's Original Sentence maximum release date was September 16, 2016. *See* C.R. at 6. Burke had agreed to conditions governing his parole, including:

> If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody, pending disposition of those charges, even though you may have posted bail or

been released on your own recognizance from those charges.

. . . .

If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole [(*i.e.*, street time)[1]].

C.R. at 8. Burke did not object to the above-quoted parole conditions.

On January 5, 2016, a criminal complaint was filed against Burke in Northumberland County for driving under the influence of alcohol (DUI) – general impairment, DUI – highest rate (blood alcohol level .224), a stop sign violation, careless driving and reckless driving (New Charges) on December 13, 2015. *See* C.R. at 11-16. On January 9, 2016, Burke was arrested on the New Charges. *See* C.R. at 17. On April 19, 2016, Burke posted bail and the Board received notice of Burke's New Charges. *See* C.R. at 17, 37. On April 27, 2016, the Board lodged a warrant to commit and detain Burke, and he was incarcerated at SCI-Benner Township. *See* C.R. at 17, 46. On September 16, 2016, Burke was released from SCI-Benner Township due to the expiration of his Original Sentence. *See* C.R. at 46.

On November 2, 2016, Burke pled guilty to one of the New Charges (the misdemeanor DUI – general impairment charge). *See* C.R. at 24. On January 30, 2017, Burke was sentenced to 6 months of probation, plus costs and fines. *See* C.R. at 42. On February 15, 2017, the Board relodged its detainer[2] and incarcerated Burke

---

[1] "Street time" refers to "the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

[2] The Board's detainer warrant reflected: "Although [Burke's] [O]riginal [S]entence was [to expire on September 16, 2016], the maximum sentence is being extended due to a new conviction. The new maximum sentence will be computed upon recording of the Board's final action." C.R. at 27.

at SCI-Coal Township.[3]  *See* C.R. at 27, 46.  On that same day, Burke admitted to his criminal parole violation and waived his right to a revocation hearing and counsel. *See* C.R. at 28.  By decision recorded May 11, 2017 (mailed May 26, 2017), the Board recommitted Burke "to a[n SCI] as a convicted parole violator [(CPV)] to serve 6 months [of] backtime, when available, **pending resolution of** [**his**] **outstanding criminal charges**."[4]  C.R. at 47 (emphasis added).  The Board's May 11, 2017 decision did not specify Burke's new maximum sentence release date.

On June 27, 2017, Burke submitted an Administrative Remedies Form challenging the Board's decision recorded May 11, 2017 (mailed May 26, 2017). The Administrative Remedies Form requested:

> *Petition for Administrative Review (appeal of a revocation decision regarding sentence calculations)*:
>
> Check the Reason(s) for Relief and *Explain*:
>
> □ Sentence Credit Challenge      □ Reparole Eligibility Date
>
> □ Order of Service of Sentences      □ Other
>
> Explanation: _____

Burke checked the "Sentence Credit Challenge" and "Other" boxes on the Administrative Remedies Form, and under "Explanation" specified: "Credit for confinement on offense – SCI[-]Benner Township [April 27, 2016] to [September 16, 2016] and SCI[-]Coal Township [February 15, 2017] to present[,] as I am not incarcerated for any reason but parole violation/conviction[.]  New max date after

---

[3] "It is well-settled law that the Board retains jurisdiction to recommit an individual as a parole violator after the expiration of the maximum term, so long as the crimes that lead to the conviction occurred while the individual is on parole." *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 73 (Pa. Cmwlth. 2013).  Here, the crime to which Burke pled guilty after his Original Sentence expired occurred while he was on parole.  Accordingly, the Board had jurisdiction to recommit Burke as a convicted parole violator.

[4] The record reveals that Burke had no outstanding criminal charges at that time.

Board action of 6 months [of] backtime for conviction of ungraded misdemeanor." C.R. at 49.

On November 22, 2017, Burke requested the status of his appeal. *See* C.R. at 53. By decision recorded May 9, 2018 (mailed May 17, 2018), the Board "refer[red] to Board action recorded on [May 11,] 2017 to recommit [Burke] to a[n SCI] as a [CPV] to serve 6 months [of] backtime[,]" and recalculated Burke's maximum sentence release date to July 16, 2019. C.R. at 57. In a separate order mailed on May 17, 2018, the Board denied Burke's request for administrative relief, stating:

> [T]he [decision recorded May 11, 2017 (mailed May 26, 2017)] recommits you as a [CPV] to serve 6 months when available. The 'when available' language indicated that you were not available to re-start service of your [O]riginal [S]entence at the time of the Board's decision. In this case, you were unavailable because the Board determined that you had not yet been sentenced on your **new Allegheny County charges**.[5] Thus, the Board properly recommitted you when available pending your sentencing and release from county prison. However, the Board did mail you a recalculation decision on May 17, 2018 (recorded [May 9,] 2018) that reflects that appropriate credit allocation. This decision triggered your appeal rights on the calculation issue.
>
> Purely for your information, the Board recalculated your maximum sentence date to July 16, 2019, based on your recommitment as a [CPV]. The decision to recommit you as a [CPV] gave the Board statutory authority to recalculate your sentence to reflect that you received no credit for the period you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2). The Board denied you credit for time at liberty on parole in this instance. The Board advised you of this potential penalty on the parole conditions you signed on November 8, 2013. You also had constructive notice of this potential penalty via the statute. Additionally, the ability to

---

[5] The record does not reveal that Burke had any charges filed against him in Allegheny County.

4

challenge the recalculation decision after it is imposed satisfies your due process rights. Therefore, the Board's recalculation of your maximum sentence date did not violate any constitutional provisions, including double jeopardy. *Young v. Commonwealth*, 409 A.2d 843 (Pa. 1979). Furthermore, although you pled guilty after the expiration of your original maximum sentence date of September 16, 2016, you committed the new criminal offense on December 13, 2015, while at liberty on parole.

C.R. at 59 (emphasis added). Burke appealed pro se to this Court.[6] This Court appointed Northumberland County Public Defender, James L. Best, Esquire (Counsel) to represent Burke on appeal.[7]

Burke first argues that although he signed the Waiver of Revocation Hearing and Counsel/Admission Form (Form), he did not voluntarily admit to his parole violation or waive his right to a revocation hearing and counsel. However, despite that Burke raises an involuntary waiver issue in his Statement of Questions Presented, he did not further argue or develop it in his brief. The law is well established that "[a] party's failure to develop an issue [from the Statement of Questions Presented] in the [A]rgument section of its brief constitutes waiver of the issue." *In re Condemnation by Dep't of Transp.*, 76 A.3d 101, 106 n.8 (Pa. Cmwlth. 2013). Accordingly, this issue is waived.[8]

---

[6] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[7] The Court's order afforded Counsel an opportunity to file an amended petition for review, but he did not do so. Counsel filed a brief on Burke's behalf on November 9, 2018. By November 29, 2018 letter, in accordance with *Commonwealth v. Ellis*, 626 A.2d 1137 (Pa. 1993) (prohibiting hybrid representation in criminal cases), this Court notified Counsel that Burke filed a pro se communication entitled "Motion to Waive Counsel," and stated that this Court would take no further action on pro se communications filed herein.

[8] Notwithstanding, in Burke's pro se petition for review, he admitted to signing the Form, but asserted that he had "no recollection of what it was[,]" Pet. for Review at 3, and claimed he "naively signed with the assumption it would expedite the process." Pet. for Review at 4. The record evidence confirms that Burke signed the Form, thereby admitting that he was convicted of a

5

Burke next asserts that the Board violated his right to a timely revocation hearing by waiting until his **federal sentence** expired to revoke his parole.[9] Fairly encompassed in Burke's argument on that issue are Burke's claims that the Board erred in calculating his recommitment time. Specifically, Burke maintains that since he was immediately available to serve his backtime when the Board issued its decision recorded May 11, 2017 (mailed May 26, 2017), he should not have served more than 38 days after February 15, 2017. Burke also contends that the Board erred by not specifying why it did not award him credit for time he spent at liberty on parole as the Pennsylvania Supreme Court required in *Pittman v. Pennsylvania Board of Probation & Parole*, 159 A.3d 466 (Pa. 2017).[10]

Because the issue of the revocation hearing's timeliness is not argued or developed in Burke's brief, it is also waived.[11] *Dep't of Transp.* Pennsylvania Rule of Appellate Procedure 1551(a) declares that "[n]o question shall be heard or considered by the court which was not raised before the government unit . . . ." Pa.R.A.P. 1551(a). Specifically, "[i]ssues that are not raised before the Board . . . in the parolee's administrative appeal are waived and cannot be considered for the first time on appeal. Section 703(a) of the Administrative Agency Law, 2 Pa. C.S. §

criminal charge while on parole, and waiving his right to a parole revocation hearing and counsel "[w]ith full knowledge and understanding" of his rights and "of [his] own free will, without any promise, threat or coercion." C.R. at 28. The Form reflects that Burke understood that his admission could be withdrawn within 10 days. *See* C.R. at 28. Burke did not withdraw his waivers. Accordingly, Burke's argument that he did not voluntarily admit to the New Charges or waive his right to a hearing and counsel is meritless.

[9] Although Counsel references a federal sentence, there is nothing in the record to support that Burke ever served a federal sentence. This Court is dismayed by the sloppiness of Counsel's brief and the Board's decisions in this case, both obviously having mixed facts of Burke's case with someone else's case.

[10] *Pittman* was decided on April 26, 2017.

[11] Regardless, this Court has held that once a parolee waives his right to a parole revocation hearing, he also waives his right to later challenge the hearing's timeliness. *Fisher.* Therefore, even if the issue was not waived, it has no merit.

6

703(a); Pa. R.A.P. 1551(a)[.]" *Anderson v. Talaber*, 171 A.3d 355, 360 (Pa. Cmwlth. 2017); *see also McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993) ("[I]ssues not raised by a CPV before the Board . . . are waived for purposes of appellate review by this [C]ourt.").

> Regarding the Board's recommitment calculations,
>
> Section 6138(a)(1) of the Prisons and Parole Code (Parole Code) provides that
>
>> [a] parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.
>
> 61 Pa. C.S. § 6138(a)(1). Where the [Board] determines to recommit a parolee as a [CPV],
>
>> the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, *except as provided under paragraph (2.1)*, shall be given no credit for the time at liberty on parole.
>
> 61 Pa. C.S. § 6138(a)(2) (emphasis added). Section 6138(a)(2.1) of the Parole Code provides that, '[t]he [Board] may, in its discretion, award credit to a parolee recommitted . . . for the time spent at liberty on parole,' with three enumerated exceptions, none of which are applicable in this case. 61 Pa. C.S. § 6138(a)(2.1).
>
> Recently, in *Pittman*, our Supreme Court explained that, when the [Board] exercises its discretion under Section 6138(a)(2.1) [of the Parole Code], it 'must articulate the basis for its decision to grant or deny a [CPV] credit for time served at liberty on parole.' [*Pittman*,] 159 A.3d at 474.

7

*Smoak v. Talaber*, 193 A.3d 1160, 1163-64 (Pa. Cmwlth. 2018) (footnotes omitted).

Here, the Board declared that Burke was not available when the Board issued the May 11, 2017 decision (mailed May 26, 2017) because he "had not yet been sentenced on [his] new Allegheny County charges. Thus, the Board properly recommitted [him] when available pending [his] sentencing and release from county prison."[12] C.R. at 59. However, there is no record of Burke having new charges in Allegheny County for which he was awaiting sentencing. Rather, when the Board issued its May 11, 2017 decision, since Burke had already been sentenced in Northumberland County (only to probation) on his New Charges and no other actions were pending against him, he was then available. In fact, by the time the Board formally recommitted Burke on May 11, 2017, he had served 142 days under the Board's detainer from April 27, 2016 until his Original Sentence expired on September 16, 2016, and he had been incarcerated for 85 days under the Board's detainer since February 15, 2017, based solely on his criminal parole violation.[13] Yet, despite Burke's June 27, 2017 timely appeal, and his November 22, 2017 status request, the Board delayed clarification until May 9, 2018 (mailed May 17, 2018).

Based upon this record, when Burke was paroled on November 12, 2013, he had 1,039 days remaining on his Original Sentence (*i.e.*, 2 years, 5 months and 15 days). He committed a crime while on parole. The Board had jurisdiction to,

---

[12] In its brief, the Board represented that Burke was to be recommitted "when available" because "it did not have all the information at that time to make a final recalculation decision," but that it finally recalculated his maximum sentence release date in its May 9, 2018 decision (mailed May 17, 2018). Board Br. at 7.

[13] "The Board is required to give [CPVs] credit on their original sentence for any pre-sentence confinement that a parolee is incarcerated solely on the Board's detainer." *Kerak v. Pa. Bd. of Prob. & Parole*, 153 A.3d 1134, 1142 (Pa. Cmwlth. 2016); *see also Gaito v. Pa. Bd. of Prob. & Parole,* 412 A.2d 568 (Pa. 1980). More specifically, "where[, as here,] a parolee is convicted and sentenced to a period of probation, pretrial custody time will be credited to the parolee's original sentence [] where bail has been satisfied." *Harold v. Pa. Bd. of Prob. & Parole*, 797 A.2d 393, 395 (Pa. Cmwlth. 2002).

and did recommit him, to serve 6 months of his Original Sentence. When he was returned to the Board's custody on February 15, 2017 to serve his backtime, he had already served 142 days of backtime from April 27, 2016, to September 16, 2016, and the Board properly credited him with that time. *See* C.R. at 55. Therefore, Burke had 897 days remaining to be served on his Original Sentence. Adding 897 days to Burke's January 30, 2017 sentencing date, the Board properly recalculated Burke's maximum sentence release date to be July 16, 2019.

This Court acknowledges that, after the Board reissued a detainer order on February 15, 2017, Burke was recommitted to serve his backtime. Although, at that point, Burke had only approximately 38 days of backtime yet to be served, he remained incarcerated at SCI-Coal Township for 703 days until his January 19, 2019 reparole.[14] Clearly, Burke served more than his 6-month backtime recommitment. However,

> [a]s [this Court] stated in *Krantz v. Pennsylvania Board of Probation & Parole*, . . . 483 A.2d 1044 ([Pa. Cmwlth.] 1984), 'when the Board imposes backtime, it is establishing a new parole eligibility date for the parolee, in effect, a recomputed minimum term. **Upon completion of the Board-imposed backtime, the parolee has a right to again apply for parole** and have the Board consider that application.' *Id.* . . . at 1048.

*Bowman v. Pa. Bd. of Prob. & Parole*, 709 A.2d 945, 948-49 (Pa. Cmwlth. 1998) (emphasis added). Accordingly, Burke was not entitled to automatic reparole after he served his remaining backtime days, and "[t]he Board [was] not required by either case law or statute to calculate an actual reparole eligibility date for [him]; [Burke] [was] free to calculate the date on which he [was] eligible for reparole himself and [could have] appl[ied] for it at that point[.]" *Id.* at 949.

---

[14] The Board's records reflect that Burke was reparoled on January 19, 2019.

Finally, the Board contends that Burke waived his *Pittman* challenge by failing to raise it in his June 27, 2017 appeal to the Board. In *Pittman,* our Supreme Court concluded that if the Board exercises its discretion pursuant to Section 6138(a)(2.1) of the Parole Code and denies credit, it "must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole." *Id.* at 475. The Supreme Court observed that the Board's statement need not "be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12.

Burke checked the "Sentence Credit Challenge" and "Other" boxes on his Administrative Remedies Form, and explained that he challenged his new maximum sentence release date. *See* C.R. at 49. He did not expressly argue that the Board erred by failing to state the reasons why it did not credit him for time he spent at liberty on parole. However, in *Johnson v. Pennsylvania Board of Probation & Parole*, ___ A.3d ___, (Pa. Cmwlth. No. 750 C.D. 2018, filed March 22, 2019), this Court ruled that where a parolee checks the "Sentence Credit Challenge" box on the Administrative Remedies Form and is seeking credit for time he spent at liberty on parole, particularly where the record does not reflect that the Board articulated to the parolee why street time credit was denied, a *Pittman* challenge is subsumed therein. *See also Anderson*; *Cherry v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 623 C.D. 2018, filed November 15, 2018); *Oliver v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 1335 C.D. 2017, filed May 24, 2018); *Plummer v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 1484 C.D. 2017, filed May 14, 2018).[15]

---

[15] This Court acknowledges that its unreported memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). The unreported cases cited herein are quoted for their persuasive value.

There is no record evidence in this case that Burke was notified of the Board's *Pittman* explanation. It was absent from the Board's recommitment decision recorded May 9, 2018 (mailed May 17, 2018). *See* C.R. at 57-58. Nor was the Board's *Pittman* explanation contained in the decision recorded May 11, 2017 (mailed May 26, 2017), to which the May 9, 2018 decision referred. *See* C.R. at 47. It was also missing from the Board's May 17, 2018 order, affirming the Board's May 11, 2017 action. *See* C.R. at 59-60. In fact, the record is devoid of any documentation showing that the Board communicated to Burke why he was denied credit for his street time. Because the record supports the conclusion that the Board failed to apprise Burke of its *Pittman* explanation, the Board was on notice that Burke's sentence calculation challenge included a *Pittman* challenge.[16] Under the circumstances, this Court holds that Burke did not waive his *Pittman* challenge.

However, notwithstanding that the Board accurately calculated Burke's recommitment time and his new maximum sentence release date without street time credit, because it did not "provide a contemporaneous statement explaining its reason for denying [Burke] credit for time [he] spent at liberty on parole[,]" as required by *Pittman*, the Board abused its discretion. *Id.* at 475. Accordingly, the Board's May 17, 2018 order is vacated to the extent it affirmed the recalculation of Burke's maximum sentence date, and this matter is remanded for the Board to issue a new decision on whether to credit Burke with street time and, if such credit is denied, the Board must explain its reasons in accordance with *Pittman*. *See Riley v. Talaber* (Pa.

---

[16] "Ambiguous forms will be construed against the drafting government agency." *Johnson*, ___ A.3d at ___ n.___, slip op. at 9 n.8. "This Court strongly suggests that rather than perpetuating a game of waiver 'gotcha,' and/or having to presume in perpetuity that a *Pittman* challenge is subsumed within a parolee's sentence credit challenge, the Board could simply revise the administrative remedies form to include a separate *Pittman* challenge box." *Johnson*, ___ A.3d at ___ n.___, slip op. at 9 n.8.

Cmwlth. No. 1459 C.D. 2017, filed January 18, 2019); *see also Coffield v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 1621 C.D. 2017, filed January 17, 2019).

For all of the above reasons, the portion of the Board's decision revoking Burke's parole and recommitting him as a CPV to serve backtime is affirmed. The portion of the Board's order recalculating Burke's maximum sentence release date is vacated, and this case is remanded for the Board to issue a new decision on whether to credit Burke with street time and, if such credit is denied, the Board shall state its explanation in accordance with *Pittman*. The Board shall then recalculate Burke's maximum sentence release date accordingly.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey J. Burke,                           :
                    Petitioner      :
                                  :
          v.                          :
                                  :
Pennsylvania Board of                       :
Probation and Parole,                       :    No. 847 C.D. 2018
                  Respondent      :

## O R D E R

AND NOW, this 25th day of March, 2019, the portion of the Pennsylvania Board of Probation and Parole's (Board) May 17, 2018 order revoking Jeffrey J. Burke's (Burke) parole and recommitting him as a convicted parole violator to serve backtime is affirmed. The portion of the Board's order recalculating Burke's maximum sentence release date is vacated, and this case is remanded for the Board to issue a new decision consistent with this opinion.

Jurisdiction relinquished.

 

_____
ANNE E. COVEY, Judge